**Jose GUILLEN and Guadalupe Guillen, Appellants,**

v.

**John W. CLAYBROOK, Appellee.**

No. A4084.

Court of Civil Appeals of Texas, San Antonio.

July 27, 1979.

Richard O. Gonzales, Del Rio, for appellants.

John W. Claybrook, Eagle Pass, for appellee.

## OPINION

PER CURIAM.

The motion filed by appellants, Jose Guillen and Guadalupe Guillen, for extension of time within which to file the transcript and statement of facts is denied.

According to appellants' motion, the judgment in this case was signed by the trial judge on May 9, 1979. Under Rule 386, Tex.R.Civ.P., appellants were required to file the record in this Court no later than Monday, July 9, 1979.

Appellants timely filed an affidavit of inability to pay the cost of appeal, or to give security therefor, on May 18, 1979, within the time prescribed by Rule 355. Appellee timely filed a contest of the affidavit on May 29, 1979 (the 10th day after the filing of the affidavit was Memorial Day, a legal holiday).

According to appellants' verified motion, appellee failed "to set the contest for a hearing," and at the time appellants filed

their motion for extension of time on July 11, 1979, the contest had not been set for hearing. The motion contains statements to the effect that appellant will move for a setting, but that the hearing on the contest cannot take place before August, 1979.

The filing of the affidavit of inability to pay costs does not toll the appellate time table. Appellants mistakenly place the burden of securing a hearing on the contest of the affidavit on appellee. The burden of taking all steps necessary to the timely perfection of the appeal rests on appellants, not on appellee. An appellant who desires to appeal on the basis of a pauper's oath cannot, when a contest is timely filed, sit idly by awaiting action by either the appellee or the trial court. Here appellants have remained inactive for a period of 43 days after the contest was filed, and their motion contains no hint of justification for the inaction which permitted the time for filing the record in this court to expire. Under such circumstances, we cannot hold that appellants' motion for extension offers a reasonable explanation for their failure to file the record in this Court within the period prescribed by Rule 386.

The motion for extension of time is denied and the appeal is dismissed.