**GUETERSLOH GRAIN, INC., Relator,**

v.

**Honorable Robert C. WRIGHT, District Judge of the 137th Judicial District Court of Lubbock County, Texas and Verna Boyd, District Clerk of Lubbock County, Texas, Respondents.**

No. 9364.

Court of Civil Appeals of Texas, Amarillo.

June 10, 1981.

Harold Phelan, Phelan, Moreland & Phelan, Levelland, for relator.

J. R. Blumrosen, Blumrosen & McDonald, Lubbock, for respondents.

COUNTISS, Justice.

This original mandamus proceeding requires us to determine when, under Rule 355,[1] the allegations of an affidavit of inability to pay costs must be taken as true. We have concluded that Relator's allegations were required to be taken as true when the trial court did not rule on the contest of the affidavit within ten days after the contest was filed.

On March 24, 1981, a final judgment was rendered against Relator in Cause No.

---

1. All references to rules refer to the Texas Rules of Civil Procedure.

100791 in the 137th District Court of Lubbock County, Texas. On April 7, 1981, Relator filed various instruments preparatory to an appeal of the judgment. On the same day, pursuant to Rule 355, and within the time required by Rule 356, it filed an affidavit of inability to pay appeal costs or give security for costs. On April 8, 1981, the opposing party and the district clerk filed contests to the affidavit. The trial court set the matter for hearing on May 1, 1981. At the hearing, the trial court denied Relator's motion to take the allegations of its affidavit as true and, when Relator elected to put on no evidence, sustained the contests to the affidavit. Relator then initiated this mandamus proceeding, requesting us to order the trial court to take the allegations of the affidavit as true and the district clerk to prepare the transcript without payment of costs or security therefor by Relator.

The proceeding in question is controlled by Rule 355 which, as pertinent here, reads:

(a) When the appellant is unable to pay the cost of appeal or give security therefor, he shall be entitled to prosecute an appeal or writ of error by filing with the clerk, within the period prescribed by Rule 356, his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor.

\* \* \* \* \* \*

(c) Any interested officer of the court or party to the suit, may by sworn pleading, contest the affidavit within ten days after the affidavit is filed, whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is pending shall set the contest for hearing, and the clerk shall give the parties notice of such setting.

\* \* \* \* \* \*

(e) *If no contest is filed in the allotted time, or if no ruling is made on the contest within ten days after its filing, the allegations of the affidavit shall be taken as true.* (Emphasis added).

\* \* \* \* \* \*

When the party seeking an exemption from costs under Rule 355 has properly prepared, filed, and given notice of the affidavit in the manner contemplated by the Rule, there are two situations in which that party is absolutely entitled to the exemption, without presenting evidence in support of the affidavit. The first is when no contest is filed within ten days after the affidavit is filed. The second is when a contest is filed, but the trial court does not rule on the contest within ten days after the contest is filed.

The latter circumstance is present in this case. Relator filed its affidavit on April 7. The opposing party and the district clerk timely filed contests on April 8. Thus, under Rule 355(e), the trial court was required to rule on the contests within ten days or accept the allegations of the affidavit as true.[2] It did neither. Therefore, the order sustaining the contest of the affidavit is a nullity and Relator is entitled to mandamus relief in this court. *Allred v. Lowry,* 597 S.W.2d 353, 354 n.2 (Tex.1980).

We recognize that the Rule may create scheduling problems for a busy trial court. However, the Rule is drawn by the Supreme Court in mandatory terms and does not give the trial court any discretion in the matter; if the court does not rule on the contest within ten days after the contest is filed, the allegations of the affidavit must be accepted as true.[3]

---

**2.** In this particular case, since April 18, 1981 was a Saturday, the trial court had until Monday, April 20, 1981 to rule on the contest. Tex.R.Civ.P. 4.

**3.** Prior to January 1, 1981, Rule 355(e) read: "Where no contest if [*sic*] filed in the allotted time the allegations of the affidavit shall be taken as true." *Guillen v. Claybrook,* 590 S.W.2d 146, 147 (Tex.Civ.App.—San Antonio

1979, no writ), held it was the affiant's duty to obtain a timely hearing if a contest was filed. The insertion of the phrase, "or if no ruling is made on the contest within ten days after its filing," has the practical effect of shifting the responsibility for obtaining a ruling to those who contest the affidavit. They lose the contest automatically if it is not ruled on in ten days.

Judge Wright's order sustaining the contest being a nullity, we are confident the district clerk will prepare the transcript for appeal in Cause No. 100791 in the 137th District Court of Lubbock County, Texas, without requiring Relator to pay the costs of appeal or give security for costs. The writ of mandamus will issue only if Respondents fail to act in accordance with this holding.