Ronald **RANIER** and Alice **Ranier, Relators,**

v.

Hon. Sidney **BROWN, Respondent.**

No. 18076.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 25, 1981.

Rehearing Denied July 30, 1981.

Willard P. Conrad, Richmond, for relators.

Bernard E. Hobson, Richmond, for respondent.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

This original proceeding for mandamus was brought by relators, Ronald Rainer and his wife Alice Rainer, to compel the Honorable Sidney Brown, Judge of the 328th District Court of Fort Bend County, Texas, to approve relators' affidavit of inability to pay costs of appeal.

Alice Rainer is the mother of six children. Ronald Rainer is the father of four of these children. A final judgment terminating the parent/child relationship between Ronald and Alice Rainer and the six children was rendered by the Honorable Sidney Brown, respondent. The relators undertook an appeal from that judgment and each filed similar affidavits of inability to pay the costs of appeal. The affidavit of Alice Rainer contained these statements:

I am unable to make a pre-payment of fees and costs or to give security therefor, . . . .

I do not have a job or any immediate prospects for one.

I do not have any property, real or personal, which can be converted into cash and I don't have any cash.

I want to appeal this case but I can't afford it.

Rule 355, of the Texas Rules of Civil Procedure, as amended effective January 1, 1981, provides:

(a) When the appellant is unable to pay the costs of appeal or give security therefor, he shall be entitled to prosecute an appeal or writ of error by filing with the clerk, within the period prescribed by Rule 356, his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor.

. . . .

(e) If no contest is filed in the allotted time, or if no ruling is made on the contest within ten days after its filing, the allegations of the affidavit shall be taken as true.

(f) If the appellant is able to pay or give security for a part of the costs of appeal, he shall be required to make such payment or give such security (one or both) to the extent of his ability.

■ The omission of the words "or any part thereof" in the affidavit is not material where from the language employed it may be inferred that the defendant was unable to pay the costs, or any part thereof, or give security therefor. *Commercial Credit Corporation v. Smith*, 143 Tex. 612, 187 S.W.2d 363 (1945).

The affidavit was contested by an instrument filed on April 13, 1981. The hearing on the contest was held on April 23, 1981. On that date the trial court made a docket entry reading in material part:

[T]he Court finds it has jurisdiction and that the Department of Human Resources contest to affidavits of Ronald Rainer and Alice Rainer of their inability to pay costs should be sustained and unless the respondents file a proper appeal bond within 10 days the appeal should be abated.

A formal order sustaining the contest reciting that it was signed on the 11th day of May, 1981, was filed on May 11, 1981. The hearing was held on the tenth day after the date on which the contest was filed. The docket entry was dated on that same date. We are unable to determine whether the court's decision, reflected by the docket entry, was announced in open court as the judgment of the court on that date. The docket entry was signed by the judge.

■ Judgments and orders of courts of record to be effectual must be entered of record. Neither entries in the judge's docket nor affidavits can be accepted as substitute for such records; docket entries, affidavits, and other like evidence can neither change nor enlarge judgments or orders as entered in the minutes of the court. *Hamilton v. Empire Gas and Fuel Company*, 134 Tex. 377, 110 S.W.2d 561 (1937).

■ Rule 356(a) of the Texas Rules of Civil Procedure, requires that a bond for costs on appeal be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if timely motion for new trial has been filed by any party. If an affidavit in lieu of bond is filed and it is contested, the time for filing the bond is extended until ten days after the contest is sustained. Tex.R.Civ.P. 356(b). This requires that a definite date be ascertainable as the date on which the ruling sustaining the contest was made. A written order entered of record is necessary in order to establish definitely the time within which a cost bond must be filed where a contest of the affidavit of inability is sustained. See, *McCormack v. Guillot*, 597 S.W.2d 345 (Tex.1980).

■ The docket entry does not constitute an official order of the court and is not part of the record of the case. *Nevitt v. Wilson*, 116 Tex. 29, 285 S.W. 1079 (1926); *Preferred Life Insurance Company v. Caldwell*, 311 S.W.2d 518 (Tex.Civ.App.—Austin 1958, writ dism'd); *Witty v. Rose*, 148 S.W.2d 962 (Tex.Civ.App.—El Paso 1941, writ dism'd).

We conclude that unless a written order either sustaining or denying the contest is signed within ten days after the filing of the contest the allegations of the affidavit shall be taken as true as provided by Subdivision (e) of Tex.R.Civ.P. 355.

The appellants do not specifically allege that they are unable to pay "any part" of the costs of appeal in their affidavits. Paragraph (a) of Rule 355 provides that when the appellant is unable to "pay the costs of appeal or give security therefor," he shall be entitled to prosecute an appeal by giving his affidavit in the proper form. Where an affidavit is held sufficient to comply with the rule, and no contest is filed or no ruling is made on a contest within the allotted time, the party filing the affidavit is entitled to prosecute an appeal.

A transcript of the proceedings which the Rainers desire to appeal and a statement of facts containing the testimony adduced at the hearing on the contest of the affidavit of inability to pay costs are before this court. There can be little doubt that Alice Rainer is unable to pay the costs of appeal or any part thereof. She was last employed in February of 1981 as a Pinkertons security guard at $4.75 per hour. The affidavit of inability is dated March 27, 1981. At the hearing on April 23, 1981, she stated that she had not been employed since losing her job as a security guard and that she had been unable to obtain a job. She had never had training for any kind of a job. She had no personal property that she could convert into money and had never bought anything on credit. The Rainers live with Ronald Rainer's mother and her husband, and use the mother's car.

Ronald Rainer was fired from a job with Pinkertons as a security guard in the early part of February of 1981, after having worked about a month and a half. He testified that he was fired because the "welfare people" called Pinkertons. He had not worked between January of 1980 and January of 1981. He was not working at the time he filed his affidavit. Subsequently he procured a job as a service station attendant and had been working for about two weeks at the time of the hearing. He stated that he had not received any wages and was unable to pay $500 at that time. He stated that he might be able to come up with $500 in two weeks to a month when he received his paycheck. He was employed at the service station to work an eight-hour day at $3.40 an hour. He has never purchased anything on credit and has never tried to borrow any money from a bank or a loan company. He does not own anything that he could pawn. Neither he nor his wife owns any real property. He is supposed to help his mother out with the light and gas bills and has obtained money by gambling to buy food for himself and his wife. Both of the Rainers have been in prison, and Alice Rainer was on probation at the time of the hearing.

A review of the record clearly shows that neither of the Rainers have available cash with which to pay the costs of appeal. It would not be realistic to expect either of them to be able to borrow money for that

purpose. There is evidence, however, that they lost their jobs with the Pinkertons because of their own misconduct and that if they had really wanted to they might have been able to retain those jobs or might have been able to secure other jobs and thereby earn money with which they could have paid the expenses of appeal.

The judgment from which they wish to appeal was signed on March 19, 1981. At that time the Rainers had no money and no jobs. It is not realistic to expect that they could have earned enough money after that date to pay living expenses and to pay the cost of the two appeals.

■ That these people are impoverished can hardly be denied. That this condition resulted from their own lack of effort would be a permissible inference from the evidence. That their poverty resulted from their own lack of effort cannot be considered in determining whether they are able to pay the costs of appeal. Their failure to make a proper effort to raise the necessary money after the judgment was entered can be considered. There was testimony that Alice failed to consult agencies that would have assisted her in securing employment and that there was available employment in the community for people situated as she was. The parties had ninety days after the judgment was signed within which to file their appeal bonds. Tex.R. Civ.P. 356(a). The notice of the appeal and the affidavit of inability to pay costs were filed on April 1, 1981. There was testimony that the longest time Ronald Rainer had held a job during the years 1976–1979 was one month. There is no testimony by Ronald that he would be able to raise money for an appeal bond for Alice Rainer. In view of the fact that his salary for a month's work would be less than $800, it is improbable that he would be able to pay living expenses for himself and his wife and also pay the cost bond.

■ It is not necessary that the relators show that they have attempted to borrow money and that they were unable to do so because the testimony shows clearly that they have no means or expectancy of repay-ment at any foreseeable time. *Goffney v. Lowry*, 554 S.W.2d 157 (Tex.1977). In Goffney the Supreme Court stated:

> The starting point in this matter is the inquiry set forth in *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19 (Tex. Com.App.1942): Would the applicant be "unable to pay the costs, or a part thereof, if he really wanted to and made a good-faith effort to do so?"

The court then quoted from *Pinchback*:

> [I]f a laborer was barely earning the necessities of life for himself and family, ordinarily he should not be required to mortgage his hand tools or household furniture in order to raise funds to pay the court costs. On the other hand, if a party has a credit rating that will enable him to borrow the money, or if he is earning a substantial income, although he is expending it as rapidly as it comes in, or if he owns an automobile or truck or other valuable property, although exempt from execution, which he could mortgage or otherwise dispose of and thereby secure the necessary funds without depriving himself and his family of the necessities of life, he should be required to pay the costs or give security therefor.

*Id.* at 159.

■ A person should not be denied the right to an appeal even though his inability to pay the costs results from his past misconduct or improvidence. Here Ronald Rainer was not required to post his appeal bond until ninety days after March 19, 1981. He secured a job about April 9, 1981, allowing him two months to save enough to pay a cash deposit for his appeal. In view of his testimony that he could raise five hundred dollars, the trial judge did not abuse his discretion in sustaining the contest to his affidavit.

■ The testimony is insufficient to show that Alice Rainer could have paid the cost of her appeal, or any part thereof.

We direct Judge Brown to enter an order overruling the contest to the affidavit of inability to pay costs of Alice Rainer, and authorizing Alice Rainer to appeal on her

affidavit. Upon entry of that order her appeal will be perfected. Tex.R.Civ.P. 363.

The application of Alice Rainer for mandamus is granted, but the writ will be issued only if necessary.

The application of Ronald Rainer for a writ of mandamus is denied.