**W.H. PHILLIPS and W.C. Kinzbach, Relators,**

v.

**Hon. Reagan CARTWRIGHT, Respondent.**

**No. 01–82–0849–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 20, 1983.

Jack Hayden, Houston, for relators.

Ernest Sample, Beaumont, for respondent.

Before BASS, WARREN and DOYLE, JJ.

## OPINION

BASS, Justice.

Relators' petition for mandamus seeks our order (1) compelling defendant, the Honorable Reagan Cartwright, Judge of the 55th District Court of Harris County, to enter an order sustaining relators' affidavit of inability to give cost bond; (2) finding that the district court was without jurisdiction to sign an order sustaining inability to pay costs, and (3) directing Respondent to sign an order granting relators' motion to require the Official Court Reporter of the 55th District Court to prepare the statement of facts.

This case arises from a trial to the court. At the conclusion of the proceedings, the trial court entered judgment that relators take nothing by their action, and ordered separate trials on issues raised by defendant, LeRoy LeSalle and intervenor, D.G. Pike against relators. The trial court's judgment was signed on August 2, 1982, and after giving notice of appeal, relators on October 21, 1982, filed an affidavit of inability to give cost bond. Contests to such affidavit were subsequently filed by various parties on October 28, October 29 and November 1, 1982. The trial court then set a hearing on the contest for November 9, 1982, but on that date it reset the hearing for November 10, 1982, because the attorneys for LeSalle and Park were detained in other cases.

At the hearing on November 10, 1982, relators declared that they would not present evidence or participate in the hearing because they believed the court had lost jurisdiction to hear the contests. The relators' counsel then left the courtroom, and the defendant presented evidence in their absence. At the conclusion of the hearing, the court denied the relators' applications to proceed in *forma pauperis,* and it is because of that ruling that relators have filed this application for writ of mandamus.

It has been held that mandamus is a proper remedy to require a district judge to affirm a valid affidavit of inability to pay costs of appeal. *Allred v. Lowery,* 597 S.W.2d 353 (Tex.1980); *Coleman v. Long,* 407 S.W.2d 279 (Tex.Civ.App.—Dallas 1966, no writ).

The controlling question in the present case is whether the court was empowered to extend the hearing, originally set for November 8, 1982, to November 10, 1982, and then act on the relators' affidavits and contests thereto, or whether trial court was without jurisdiction to act on that date because more than ten days had elapsed after the filing of the first contest on October 28, 1982.

Rule 355, entitled Party Unable to Give Cost Bond, provides:

(a) When the appellant is unable to pay the cost of appeal or give security therefor, he shall be entitled to prosecute an appeal or writ of error by filing with the clerk, within the period prescribed by Rule 356, his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor.

(b) The appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor.

(c) Any interested officer of the court or party to the suit, may by sworn pleading, contest the affidavit within ten days after the affidavit is filed, whereupon the court trying the case (if in session) or (if not in session) the judge of the court or

county judge of the county in which the case is pending shall set the contest for hearing, and the clerk shall give the parties notice of such setting.

(d) The burden of proof at the hearing of the contest shall rest upon the appellant to sustain the allegations of the affidavit.

(e) If no contest is filed in the allotted time, or if no ruling is made on the contest within ten days after its filing, the allegations of the affidavit shall be taken as true.

(f) If the appellant is able to pay or give security for a part of the costs of appeal, he shall be required to make such payment or give such security (one or both) to the extent of his ability.

■ When proper notice has been given by parties seeking an exemption from costs, pursuant to the provisions of this rule, there are two situations in which that party is absolutely entitled to an exemption without presenting evidence in support of his affidavit. The first situation is where no contest was filed within ten days after the filing of the affidavit, and the second is where a contest has been filed, but the trial court does not rule on the contest within ten days after it is filed. *Guetersloh Grain Inc. v. Wright,* 618 S.W.2d 135 (Tex.App.—Amarillo 1981, no writ). Under such circumstances the allegations in the affidavits will be taken as true. *Raniers v. Brown,* 623 S.W.2d 682 (Tex.App.—Houston [1st Dist] 1981, no writ).

As the court stated in *Guetersloh Grain, Inc.,* "We recognize that the rule may create scheduling problems for busy trial courts. However, the rule is drawn by the Supreme Court in mandatory terms and does not give the trial court any discretion in the matter; if the trial court does not rule on the contest within ten days after the contest is filed, the allegations of the affidavit must be accepted as true."

The evidence shows that relators' affidavit was filed on October 21, 1982, and that a copy thereof was received by the attorney for the opposing party on October 22, 1982. Ten days from October 21 would have fallen on a Sunday, so that the tenth day for filing a contest to the October 21 affidavit was Monday, November 1, 1982. On October 28, the defendants filed their contest to the affidavit, and on October 29, the district clerk filed contest. On Monday, November 1, the defendants' contest was refiled, bearing the notation "copies original lost". The following Monday, November 8, 1982, (a date within the ten day period for ruling on the originally filed contest), the court entered its aforementioned order resetting the hearing for November 10, 1982. That order shows that it was entered upon agreement of all parties present and without objection by relators' counsel.

■ Rule 355 should not be applied to prevent a party from timely filing a contest to an affidavit of inability to pay cost, or from having such contest heard, merely because an earlier contestant did not obtain a ruling on such contest within the required ten day period. Rather, the rule should be interpreted so as to allow the court to consider any contest timely filed and to rule upon such contest within the ten day period following the date of filing of that particular contest. Thus, we hold that the trial court did not lose jurisdiction over the contest filed on November 1, 1982.

The relators' application for the mandamus is denied, and relators are allowed ten days from the receipt of the order in this cause in which to file a proper bond with the District Clerk of Harris County, Texas.

DOYLE, Justice, dissenting.

I respectfully dissent. The majority has predicated its opinion on the premise that LeRoy LaSalle filed a controverting affidavit to relators' affidavits of inability to give security for costs on November 1, 1982, and that this is the date from which calculations should be made in testing the timeliness of the court's ruling under Rule 355(e), T.R.C.P.

The record shows that the relators filed their affidavits of inability to give security for costs on October 21, 1982. The opposing parties timely filed their contests. LeRoy LaSalle, the real party in interest, originally

filed his contest through his attorney of record on October 28, 1982. The district clerk's office filed its contest on October 29. A hearing was set for November 8, within ten days from October 29. On that date the court rescheduled the hearing to November 19 because attorneys LaSalle and Pike were busy with other cases.

I will first consider if there were a "filing" on November 1, 1982. The majority opinion states that "On Monday, November 1, 1982, Ernest L. Sample's contest was *refiled* at 2:38 P.M. with the note *"Copies original lost"* with the District Clerk, Harris County, Texas, . . ." To me this reasons to only one conclusion: *Since the original controverting affidavits had been lost or misplaced, Mr. LaSalle was furnishing copies in their stead for the record.* It is undisputed that the originals were filed on October 28. These were not *new* affidavits, but copies of the instruments filed on October 28. The date "November 1, 1982," merely showed the date that the replacements were left with the District Clerk's Office. (Emphasis mine) There was no necessity to notify opposing counsel or to send copies, since this had been done on October 26, 1982. Therefore, I conclude that October 29 is the latest filing date of the controverting affidavit. It was incumbent upon the trial judge to hold a hearing and make a ruling by November 8. Having failed to do this, the allegations of the relators' affidavits shall be taken as true. Rule 355(e), T.R.C.P., *Guetersloh Grain, Inc. v. Wright,* 618 S.W.2d 135 (Tex.Civ.App.— Amarillo 1981, no writ); *Ranier v. Brown,* 623 S.W.2d 682 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

I can see no significant difference between the facts here and those in *Guetersloh Grain, Inc.,* supra, where the opposing parties filed contests to the affidavit on April 8, 1981 and the hearing was set for May 1, 1981, some twenty-three days later. There at the hearing, as in our case, the relators elected not to put on any evidence. In reversing the trial court's order sustaining the contests, Justice Countiss wrote:

Thus under Rule 355(e) the trial court was required to rule on the contests within ten days or accept the allegations of the affidavit as true. It did neither. Therefore, the order sustaining the contest of the affidavit is a nullity and Relator is entitled to mandamus relief in this court.

I do not reach the question of the merits of the hearing held on November 10, 1982. Under Rule 355(e) and the authority of the cases cited above, the trial judge had lost jurisdiction by November 10 and the hearing he held was a nullity.

The majority opinion seems to indicate that there was some justification for the postponement of the scheduled hearing of November 8 to November 10 because the two attorneys of record in this cause were in trials outside of Harris County. While it is true that the trial judge had the authority to reschedule the hearing at any time within the ten day period, it had absolutely no discretion to set the hearing for a date beyond such period because of the mandatory terms of Rule 355(e).

I would issue the writ of mandamus and order the district clerk to prepare the transcript without the payment of costs or security by the relators as provided for in Rule 380, T.R.C.P.