**Ronnie Lee BEATTY, Relator,**

v.

**The Honorable Harlan MARTIN,
District Judge, 192nd Judicial
District Court, Respondent.**

**No. 05-85-00199-CV.**

Court of Appeals of Texas,
Dallas.

April 11, 1985.

J. Thomas Sullivan, Director, Kathryn Rice and Elizabeth Slate of SMU Appellate Clinic, Dallas, for relator.

Henry Wade, Crim. Dist. Atty., Paige E. Jones, Asst. Dist. Atty., Dallas, for respondent.

Before STEPHENS, ALLEN and McCLUNG, JJ.

ALLEN, Justice.

Relator,[1] Ronnie Lee Beatty, seeks a writ of mandamus directing Respondent, The Honorable Harlan Martin, District Judge, 192nd Judicial District Court, to (1) set aside the January 18, 1985 order sustaining a contest of Relator's affidavit of inability to pay court costs and (2) order a record for appeal without cost to Relator. For the reasons stated, the writ is conditionally granted in part.

The facts underlying Relator's application for writ of mandamus are undisputed. On January 2, 1985, Relator filed an affidavit of inability to give cost bond, under Texas Rule of Civil Procedure 355(a)[2], stating that he was unable to post the bond necessary to perfect an appeal to this Court. Bill Long, in his capacity as District Clerk of Dallas County, Texas, filed a contest of the affidavit on January 4, 1985. On January 11, 1985, the contest was set to be heard but the hearing was continued at the request of Relator's counsel. After he failed to appear at the January 11th hearing, Relator's counsel requested, via telephone call with the trial court, that the matter be continued[3]. The contest was heard on January 18, 1985. On that date, which was fourteen days after the contest was filed, the Respondent sustained the contest, thereby requiring Relator to post the necessary bond or lose his right to appeal to this Court.

By his application for writ of mandamus, Relator contends that, under Rule 355(e), his affidavit of inability was granted as a matter of law when the trial court had not ruled on the contest by January 14, 1985, ten days after the contest was filed, and, therefore, the trial court had no authority to enter any order regarding his affidavit

1. Relator was plaintiff in the trial court on his own behalf and as next friend for his two minor children.

2. All references herein are to the Texas Rules of Civil Procedure (Vernon 1974 and Vernon Supp. 1985), unless otherwise indicated.

3. There is no indication in our record whether Relator's counsel requested that the hearing be continued to a specified date and, if so, whether that date was beyond the ten day period of Rule 355(e). The hearing could have been continued until January 14, 1985 and the trial court could have entered its order that date, in which case the trial court would have been within the time constraints of Rule 355(e).

or the contest after January 14, 1985. If this contention is correct, then the trial court had no authority to enter the January 18, 1985 order and such order must be set aside. We agree with Relator's contention.

Rule 355(e) provides that "[i]f no contest is filed in the allotted time, or *if no ruling is made on the contest within ten days after its filing,* the allegations of the affidavit shall be taken as true" (emphasis added). This Rule was construed by the Amarillo Court of Civil Appeals in *Guetersloh Grain, Inc. v. Wright,* 618 S.W.2d 135 (Tex.Civ.App.—Amarillo 1981, no writ). In that case the Amarillo court stated:

> We recognize that the Rule may create scheduling problems for a busy trial court. However, the Rule is drawn by the Supreme Court in mandatory terms and does not give the trial court any discretion in the matter; if the court does not rule on the contest within ten days after the contest is filed, the allegations of the affidavit must be taken as true.

618 S.W.2d at 136. The court went on to say that a contestant loses the contest automatically if it is not ruled on in ten days. *Id.,* n. 3.

Respondent urges this Court to engraft an exception onto Rule 355(e), as construed by the Amarillo court, where, as here, the contest is not timely ruled on because Relator requested that the scheduled hearing on the contest be continued. Respondent premises its position on the legal theory of invited error. We decline to apply this legal theory to Rule 355(e).

From our reading of the rule, it has no exceptions and is in the nature of a jurisdictional requirement. *See, e.g.,* Rule 21c as construed in *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982). There is merit to the argument that a party who has filed an affidavit of inability to pay court costs should not be allowed to actively or passively lure a trial court into

not timely ruling on a contest to the affidavit, thereby resulting in an automatic denial of the contest. It appears, however, that the supreme court, by its use of mandatory language in Rule 355(e), has cast the balance in favor of assuring that an indigent who desires to appeal, and must therefore always be mindful of the various appellate timetables which are prerequisite to appellate jurisdiction, quickly learn whether he may appeal as a pauper or pay costs. The supreme court has put an absolute limit on the time which an indigent must await a final decision on his affidavit while the appellate time tables continue to run against him. If the balance struck by the supreme court in Rule 355(e) is to be readjusted to run against an indigent who snares the trial court into unintentionally denying the contest by its inaction within the ten day period, it is the supreme court, rather than us, that must do so.

In summary, the trial court was without authority to act on the contest to the affidavit of inability to pay costs any time after the ten day period of Rule 355(e) has expired. Therefore, the order sustaining the contest to the affidavit is a nullity and Relator is entitled to Mandamus relief. *Allred v. Lowry,* 597 S.W.2d 353, 354 n. 2 (Tex.1980); *Guetersloh,* 618 S.W.2d at 136.

Relator has also requested that we direct, by writ of mandamus, Respondent to order a free statement of facts for Relator to use on appeal. Rule 380 provides this right already and we have no reason to believe that once Respondent sets aside the order sustaining the contest he will not comply with Rule 380 in its entirety.[4]

The writ is conditionally granted. We trust that Respondent will immediately enter an order setting aside the January 18, 1985 order sustaining the contest of Relator's affidavit of inability to pay and file a certified copy of that order with the Clerk of this Court to be included among the

---

4. In fact, the entire question of the trial court's authority to act beyond the ten day period of Rule 355(e) was of much concern to Respondent. Respondent, on his own motion, appointed J. Thomas Sullivan, SMU Appellate Clinic, attorney ad litem "for the purpose of seeking relief by extraordinary writ in the Court of Appeals to protect the right of the minor Plaintiffs to a free record on appeal, if any."

papers of this cause. Only if Respondent fails to do so will the writ issue. Relator shall be responsible for filing a certified copy of the order, in the form of a supplemental transcript, in the appeal of the underlying cause.