**Charles D. CRONEN, Relator,**

v.

**The Honorable Eugene CHAMBERS, Respondent.**

**No. 01–85–0571–CV.**

Court of Appeals of Texas, Houston (1 Dist.).

Sept. 26, 1985.

Charles D. Cronen, Pasadena, for relator.

Ed Wheeler, Pasadena City Atty., Lizabeth Sweet, Asst. City Atty., Pasadena, for respondent.

Before DUNN, WARREN and SAM BASS, JJ.

## OPINION

DUNN, Justice.

This original proceeding for mandamus was brought by Relator, Charles D. Cronen, to compel the Honorable Eugene Chambers, Judge of the 215th District Court of Harris County, Texas, to approve relator's affidavit of inability to pay the cost of appeal.

Following a dismissal of relator's suit against the City of Pasadena for want of prosecution, relator appealed and timely filed his affidavit of inability to pay the costs of appeal. A summary of relator's affidavit reveals that he is a frequently unemployed handy-man who lives in a dilapidated camper-van, without water or electricity. He has not worked full time for several years. His adjusted gross income for 1984 was $2,304.00. He owns no property other than his camper where he lives and was denied a loan by the Bank of the Southwest. He asserts that he searched for a job and was unemployed at the time of the hearing on his inability to pay cost. He claims that he has no family or friends to borrow money from, and that he is unable to pay all of his monthly bills.

A formal order sustaining the contest was signed by the court on May 28, 1985. No response to relator's petition for mandamus has been filed in this court on behalf of the respondent.

■ Generally, the affiant bears the burden of proving his inability to pay costs. *See Allred v. Lowry,* 577 S.W.2d 353 (Tex. 1980). However, if the trial court does not rule on the last timely filed contest within 10 days after it is filed, the affiant is entitled to an exemption from costs without presenting evidence in support of his affidavit. *See* Tex.R.Civ.P. 355; *see also Phillips v. Cartwright,* 647 S.W.2d 65, 67 (Tex. App.—Houston [1st Dist.] 1983, no writ).

The record shows that relator's affidavit was filed on May 6, 1985. The contest by the court reporter was filed on May 8, and the contest by the district clerk was filed on May 16, both within 10 days of the time that relator's affidavit was filed. The hearing on the contest was set originally for May 13, but was reset to May 20, because relator did not receive proper notice of the May 13 hearing date. No objection appears in the record to the court resetting the hearing date to May 20, which is within the 10-day period of the timely filed contest by the district clerk on May 16, 1985. On May 20, the relator appeared. However, for some reason not revealed by the record, the court reset the hearing to May 28, 12 days after the last timely filed contest.

■ It is apparent from the record before the court that the relator's affidavit is in proper form and that the court did not rule within 10 days from the last timely filed contest. Consequently, the allegations of the affidavit must be taken as true as provided by subsection (e) of Tex.R.

Civ.P. 355. *See Phillips,* 647 S.W.2d at 67. A review of relator's affidavit clearly shows that he does not have available cash with which to pay the cost of appeal.

We direct the respondent to enter an order overruling the contest to the affidavit of inability to pay costs of Charles D. Cronen and authorizing Charles D. Cronen to appeal on his affidavit. Upon entering of that order, the appeal will be perfected. Tex.R.Civ.P. 363.

The application of Charles D. Cronen for mandamus is granted, but the writ will be issued only if an order overruling the contest is not entered within 30 days.