### Alberto ALVAREZ and Sylvia Alvarez, Relators,

v.

### The Honorable Craig PENFOLD, Judge, 304th Judicial District Court, and Bob Kennamer, Respondents.

No. 05–85–00804–CV.

Court of Appeals of Texas, Dallas.

Oct. 8, 1985.

Rehearing Denied Oct. 25, 1985.

Jesse Cuellar, Dallas, for relators.

Joseph L. Rosenfield, Rosenfield, Mittenthal & Shieder, Dallas, guardian ad litem.

Henry T. Voegtle, Asst. Dist. Atty., for respondents.

Before STEPHENS, SPARLING and MALONEY, JJ.

STEPHENS, Justice.

Relators Alberto and Sylvia Alvarez seek a writ of mandamus ordering respondent the Honorable Craig Penfold, Judge of the 304th Judicial District Court, to rescind his order of July 18, 1985, denying relators' motion on inability to pay costs of appeal; to reinstate his order of June 10, 1985, decreeing relators unable to pay costs of appeal; and to order Bob Kennamer, the court reporter for the 304th Judicial District Court, to prepare a statement of facts in Cause No. 84–2–W–304th. Relators also seek a writ of mandamus requesting this court to direct the court reporter to prepare the statement of facts. Relators are properly before this court under article 1824 of the Revised Civil Statutes. We hold that Judge Penfold was without authority to enter the order on July 18, 1985, which denied relators' motion on ability to pay costs of appeal. Accordingly, we direct Judge Penfold to set aside that order.

On May 30, 1985, relators filed an affidavit of inability to pay costs of appeal, which the District Clerk of Dallas County, Texas contested on that date. On June 10, Judge Penfold signed an order which decreed re-

lators unable to pay costs of appeal. The District Attorney's office of Dallas County, Texas filed a motion for rehearing on that same day. Judge Penfold subsequently signed a new order on July 18 which denied relators' motion on inability to pay costs and decreed them able to pay costs.

 Relators argue that under rule 355(e)[1] a ruling must be made on a contest to an affidavit of inability to pay costs within ten days of the filing of the contest and that no ruling can be made beyond that time. Thus, they argue that the June 10 ruling that relators were unable to pay costs of appeal is the only valid ruling and that the July 18 ruling is void and should be set aside.[2] We agree with relators. Rule 355(e) provides that, if no contest is filed in the allotted time, or if no ruling is made on the contest within ten days, the allegations of the affidavit shall be taken as true.

In *Beatty v. Martin*, 690 S.W.2d 94, 95 (Tex.App.—Dallas 1985), this court conditionally granted a writ of mandamus, holding that the trial court is without authority to act on a contest to the affidavit of inability to pay costs any time after the ten-day period provided in rule 355(e) has expired. In *Beatty*, this court held that rule 355(e) "has no exceptions and is in the nature of a jurisdictional requirement." *Id.* An indigent must quickly learn whether he may appeal as a pauper or pay costs since the appellate time tables continue to run against him. We hold that both rule 355(e) and *Beatty* dictate that the ten-day period is absolute.

We note also that respondents' argument that relators must make application for the statement of facts under rule 380 in order to be entitled to relief by way of mandamus is without merit. The application under rule 380 only comes into play when the affidavit of inability to pay costs is not contested *or* the contest is overruled. Until now, the contest was sustained.

1. All references herein are to the Texas Rules of Civil Procedure, unless otherwise stated.

2. We note that Judge Penfold did enter the June 10 order within ten days of the filing of the contest since the tenth day actually fell on a

Finally, we do not grant the petition for writ of mandamus to order the court reporter to prepare a statement of facts. There is no reason to believe that, once Judge Penfold sets aside the order sustaining the contest, the court reporter will not comply with rule 380, assuming that relators make application for the statement of facts as provided under that rule.

Accordingly, we conditionally grant the petition for writ of mandamus directed to Judge Penfold. We direct Judge Penfold to set aside his order of July 18, 1985, and any other orders entered after June 10, 1985, if any, with respect to relators' motion on inability to pay costs of appeal, and to reinstate his order of June 10, 1985, granting the motion on inability to pay costs of appeal. We trust that Judge Penfold will immediately enter an order setting aside his orders entered after June 10, 1985, regarding relators' inability to pay costs of appeal and file a certified copy of that order with the Clerk of this Court. The writ shall issue only if Judge Penfold fails to do so. In all other respects, the petition for writ of mandamus is denied.

Sunday, June 9, and June 10 was a Monday. TEX.R.CIV. P. 4; *Guetersloh Grain, Inc. v. Wright*, 618 S.W.2d 135, 136 n. 2 (Tex.Civ.App.—Amarillo 1981).