McCLUNG, Justice.
Appellees, U.S. Companies, Inc., U.S. Resources, Inc., U.S. Operating, Inc., U.S. Coal Co., Inc., Macar Mining Corporation, and Max Williams, move that this appeal be dismissed for want of jurisdiction. Their argument is that appellant Craig Shaffer has not perfected the appeal by a timely-filed appeal or cost bond. We hold that Shaffer perfected the appeal by a timely-filed affidavit of inability to pay costs and deny appellees’ motions to dismiss the appeal.
Appellees filed both a motion and a supplemental motion to dismiss the appeal. In their motion to dismiss, appellees contend that Shaffer’s affidavit of inability filed on September 4, 1985 (within 90 days of the final judgment signed on June 6, 1985 pursuant to rule 356(a)[1]) was denied within ten days of the filing of their contest to the affidavit. Thus, appellees contend that the appeal was not perfected by the affidavit.
Appellees filed their contest on September 13. On September 19, the matter was brought before the trial court. At that time, Shaffer moved to continue the hearing and specifically waived his right to have the contest ruled on within ten days as required by rule 355(e). From the bench, the trial court stated that it would grant the continuance but, if this court should hold that Shaffer could not waive the ten-day period, then it was ruling that Shaffer had not sustained his burden of proving that he was unable to pay costs.
Appellees argue that the trial court’s latter ruling was controlling. They cite Beatty v. Martin, 690 S.W.2d 94, 95 (Tex.App.-Dallas 1985) and Alvarez v. Penfold, 699 S.W.2d 619, 620 (Tex.App.-Dallas, 1985) (not yet reported) in which this court held that the ten-day period for ruling on the affidavit provided by rule 355(e) is absolute and that the trial court has no authority to act on a contest beyond the ten-day period. They argue that since the trial court conditioned the continuance on Shaffer’s waiver and a waiver was not possible the trial court alternatively sustained the contest.
We agree with appellees that the trial court indicated from the bench that its alternative ruling was to sustain the contest. The trial court did not sign a written order to that effect, however, until September 24, 1985. This was after the ten-day period had expired.[2] We follow the holding in Ranier v. Brown, 623 S.W.2d 682, 685 (Tex.Civ.App.—Houston [1st. Dist.] 1981, no writ) that the ruling which must be made within the ten-day period must be a written order. We hold that a pronouncement from the bench, like the docket entry in Ranier, is not sufficient to constitute the ruling required by rule 355(e).
If a contest to an affidavit of inability is sustained, the time for filing a bond is extended until ten days after the contest is sustained. Rule 356(b). This requires that the “ruling” date be a definite and ascertainable date so that the post ten-day period can begin to run. Id.; see also Lopez v. Foremost Paving, Inc; 671 S.W.2d 614, 616-17 (Tex.App.—San Antonio 1984, no writ); cf. Wallgren v. Martin, 700 S.W.2d 28, 30 (Tex.App.—Dallas, 1985) (not yet reported) (this court looked to the trial court’s signed order rather than a discussion from the bench to determine what action the trial court took). We hold that since no written order disposing of the contest was entered within ten days of its filing the affidavit of inability was sustained as a matter of law. Alvarez, at 620; Beatty, 690 S.W.2d at 95.
In their supplemental motion to dismiss the appeal, appellees allege that Shaffer filed a cost bond on September 30, after the *413 time of their first motion to dismiss. They contend, therefore, that Shaffer waived his affidavit of inability to pay costs. They cite cases which hold that the filing of a cost bond after the filing of an affidavit of inability operates as an abandonment of the affidavit. Stein v. Frank, 575 S.W.2d 399, 400 (Tex.Civ.App.—Dallas 1978, no writ), cert. denied, 450 U.S. 990, 101 S.Ct. 1689, 68 L.Ed.2d 189 (1981); De Miller v. Yzaguirre, 143 S.W.2d 425, 427 (Tex.Civ.App.—El Paso 1940, writ ref’d). Thus, ap-pellees argue that the cost bond is the method upon which Shaffer relied to perfect the appeal, and it was not timely filed under rule 356(a).
We disagree with appellees. We note that Shaffer specifically alleged in his cost bond that he was not waiving his previously-filed affidavit of inability. Shaffer argues that he was merely protecting himself by filing the bond in the event that this Court held that the contest had been sustained on September 19. He was, therefore, filing the cost bond within ten days thereafter, as provided by rule 356(b). We do not address the propriety of Shaffer’s action but rather rely on the fact that by the time Shaffer filed the cost bond his affidavit of inability to pay had been sustained as a matter of law. In the cases cited by appellees, the contests had not yet been ruled on. Since here the affidavit was sustained and the appeal was thereby perfected, the subsequent filing of the cost bond was of no legal effect. McCartney v. Mead, 541 S.W.2d 202, 204 (Tex.Civ.App.-Houston [1st. Dist] 1976, no writ).
Accordingly, we deny appellees’ motion and supplemental motion to dismiss this appeal. Appellees’ later motions to increase the cost bond are denied as moot.

. All references herein are to the Texas Rules of Civil Procedure, unless otherwise stated.

. We note further that on October 17 the trial court signed an order that the ten-day period could not be waived and that, therefore, the contest was sustained. Of course, this was also after the ten-day period had expired.