**James A. HAGER, Appellant,**

v.

**APOLLO PAPER CORPORATION,**
**Appellee.**

**No. 01–92–00957–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1993.

Bruce A. Coane, Joyce A. Keating, Coane & Associates, Houston, for appellant.

Robert H. Singleton, Jr., Serena S. Williams, Singleton & Cooksey, P.C., Houston, for appellee.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

**OPINION**

DUGGAN, Justice.

This is an appeal from the dismissal of plaintiff-appellant James A. Hager's suit

for failure to post security for costs pursuant to TEX.R.CIV.P. 143. Hager sued his former employer, Apollo Paper Corporation, alleging damages based on age discrimination and various torts, including intentional and negligent infliction of emotional distress, defamation, and negligent hiring and supervision. Hager asserts six points of error. We reverse.

Hager was employed as an order puller by Apollo from 1984 until he was fired on February 25, 1988; he was 55 years old when terminated. Apollo has a written company policy providing for dismissal for, among other things, "[g]ambling of any form on company premises and company time." Apollo informed Hager that he was being fired for violation of this policy.

Hager initiated an age discrimination action before the U.S. Equal Employment Opportunity Commission (EEOC). After an investigation, EEOC found no violation; the ruling was upheld in an administrative appeal. Hager then filed this suit, alleging that the excuse Apollo gave for firing him was a pretext for age discrimination, and further asserting the tort causes of action.

Apollo moved for partial summary judgment on Hager's causes of action for age discrimination, defamation, and intentional infliction of emotional distress; Hager filed a timely response. Both parties filed affidavits, depositions, and documents. On June 10, 1992, the trial court denied Apollo's motion for partial summary judgment "in its entirety."

Apollo then filed a motion for costs under TEX.R.CIV.P. 143 and 215, and TEX.CIV. PRAC. & REM.CODE ANN. §§ 9.001–.014 (Vernon Supp.1993), asking the trial court to require Hager "to post security of at least $50,000." The motion alleged that in addition to $35,000 already spent, Apollo "will incur *additional costs, attorney's fees and other expenses of litigation in excess of $15,000."* (Emphasis added.) Apollo noticed the motion for oral hearing on Monday, June 8, 1992.

Hager's response, filed June 5, 1992, pleaded that an award of costs under rule 215 was inappropriate because Apollo had made no claim that Hager had abused the discovery process. *See Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex. 1986); *Jaques v. Texas Employers' Ins. Ass'n,* 816 S.W.2d 129, 131 (Tex.App.—Houston [1st Dist.] 1991, no writ).

Hager asserted that Apollo was not entitled to an award of costs under sections 9.001–.014 because (1) the trial court had earlier determined that genuine issues of fact existed in the case when it denied Apollo's motion for partial summary judgment, and (2) Apollo had not made the allegations required to recover costs under sections 9.001–.014, therefore failing to carry its burden. *See Herrmann & Andreas Ins. v. Appling,* 800 S.W.2d 312, 320 (Tex. App.—Corpus Christi 1990, no writ).

Hager further asserted that, under rule 143, it was improper for Apollo to seek a cost bond that included attorney's fees or that was for a specific amount. Hager also filed a rule 145 affidavit of inability to pay costs along with his response to Apollo's motion for costs.

Apollo's motion was heard June 8, 1992. During the hearing, the trial court decided "to set bond at $15,000." Hager's counsel sought clarification from the trial court:

[Hager's counsel]: Well, Your Honor, the $15,000, is that attorney's fees or—just so I understand.

THE COURT: *It's a [rule] 143 cost.*

[Hager's counsel]: There's only been testimony about—

THE COURT: Just a minute. I don't want to hear any arguments about it now. I want to hear about what it's under. It's under [rule] 143. Thank y'all.

[Hager's counsel]: Thank you, Your Honor.

(Emphasis added.) The trial court entered a written order granting Apollo's motion for costs, setting the amount at $15,000, and giving Hager 20 days to comply.

 Apollo never filed a written contest to Hager's rule 145 affidavit of inability to pay costs, either before or after the June 8, 1992 hearing. At the hearing, Apollo argued that Hager's affidavit was

not before the court because it was not timely filed in accordance to a local rule.[1]

On July 7, 1992, Apollo filed a motion to dismiss and request for expedited consideration, asserting Hager's failure to post security. Hager filed a response, stating in pertinent part that he had not complied with the order of June 8, 1992, "because he simply does not have the money," and that he "has already filed with the Court an affidavit of inability to pay." He further urged that for him to be required to pay security violates due process and the open courts doctrine "by only allowing the rich to pursue their cases," and that dismissal of his suit would violate the first, fifth, seventh and fourteenth amendments to the U.S. Constitution. On July 23, 1992, the trial court granted Apollo's motion to dismiss because of Hager's failure to comply with the trial court's June 8, 1992 order.

In his first point of error, Hager alleges the district court abused its discretion in dismissing his lawsuit for failure to pay rule 143 costs when his uncontested affidavit of inability to pay costs showed he was unable to pay.

The applicable standard of review is abuse of discretion. *See Clanton v. Clark,* 639 S.W.2d 929, 931 (Tex.1982). Apollo asserts that Hager's affidavit was invalid because the notary public before whom he executed it was his attorney. Contrary to Apollo's position, the Dallas Court of Appeals has stated:

> [D]ecisions concerning acknowledgments do not necessarily govern the validity of affidavits, in view of cases holding that *an attorney of record is not disqualified as a notary to take his client's affidavit.* These cases rest on the ground that the act of administering an oath is ministerial, as distinguished from the quasi-judicial act of taking an acknowledgment.

*Kessler v. Raines,* 566 S.W.2d 333, 335 (Tex.Civ.App.—Dallas 1978, no writ). In *Ryburn v. Moore,* 72 Tex. 85, 10 S.W. 393, 394 (Tex.1888), the supreme court held it was not error to refuse to strike an affidavit of plaintiff's inability to give security for costs on the ground that it was sworn before the attorney as notary. "The notary is authorized to administer oaths, and to give certificates thereto. Attorneys at law often are appointed to the office. It was proper for the attorney for plaintiff to prepare the affidavit, if required by his client." *Id.*

It is well settled in Texas that "[a]n uncontested affidavit of inability to pay costs is conclusive as a matter of law." *Equitable Gen. Ins. Co. v. Yates,* 684 S.W.2d 669, 671 (Tex.1984); *Burleson v. Rawlins,* 174 S.W.2d 979, 980 (Tex.Civ. App.—Dallas 1943, no writ); *cf. Phillips v. Cartwright,* 647 S.W.2d 65, 67 (Tex.App.— Houston [1st Dist.] 1983, no writ) (interpreting TEX.R.CIV.P. 355, *repealed,* now TEX.R.APP.P. 40(a)(3)).

Hager's affidavit became conclusive when no contest was filed, and the trial court abused its discretion in dismissing Hager's suit. While it was not necessary for Apollo to file a written contest before the hearing on June 8, 1992,[2] Apollo should have filed a contest during the 20–day period following the trial court's order requiring Hager to give security, and before filing its motion to dismiss. The trial court abused its discretion in entering its order dismissing Hager's suit in the face of his uncontested affidavit of inability.

We sustain appellant's first point of error.

■ In his second point of error, Hager asserts the trial court abused its discretion when it "set a fixed $15,000 order for costs

---

1. The trial court never ruled whether the affidavit of inability was before it at the hearing on Apollo's motion for costs. However, the affidavit was made part of the record, such that after Apollo obtained its favorable ruling, it was still required to follow the written contest procedure specifically set out in rule 145(1).

2. In *Mosher v. Tunnell,* 400 S.W.2d 402 (Tex.Civ. App.—Houston 1966, writ ref'd n.r.e.), in a situation like the present case, this Court reversed and remanded to the trial court, instructing it to set aside the dismissal and reinstate the cause. We then stated, "Of course, on such reinstatement the parties may proceed with regard to costs in a manner prescribed by the rules." *Id.* at 405.

under Tex.R.Civ.P. 143 rather than an open ended bond or rule 146 cash deposit."

"The only possible basis for requiring a party to give security for costs at any time before final judgment is rule 143. But that rule does not authorize the court to fix a specific amount of bond...." *Smith v. White,* 695 S.W.2d 295, 297–98 (Tex.App.— Houston [1st Dist.] 1985, no writ) (citing *Mosher,* 400 S.W.2d at 404). Apollo cites no authority for its proposition that the trial court's order of a $15,000 bond was allowable under rule 143, but analogizes the situation to an order levying sanctions under rule 215. Apollo's analogy is not well taken; the order of June 8, 1992 specifically relied on rule 143. The trial court abused its discretion in entering a rule 143 order requiring Apollo to post security in a fixed amount. *See Johnson v. Smith,* 857 S.W.2d 612, 615–16 (Tex.App.—Houston [1st Dist.] 1993).

We sustain Hager's second point of error.

In his third point of error, Hager alleges the "district court abused its discretion by imposing a wholly arbitrary order for costs in excess of accrued costs."

Rule 146 reads, in pertinent part: "In lieu of bond for costs, the party required to give the same may deposit with the clerk of court ... such sum as the court ... from time to time may designate as sufficient to pay the accrued costs."

As in *Mosher,* the only evidence of accrued costs in the present case is found in the transcript's certificate of the clerk of the court. *See Mosher,* 400 S.W.2d at 403–404. The transcript shows a cost recapitulation of $387. Of this amount, $226 was the cost of preparing the transcript, which would have been unnecessary without the appeal.

Apollo asserts that the record does not reflect that the order encompassed anticipated future costs. The record contains no evidence to support an assessment of $15,-000 in accrued costs, a figure apparently drawn from Apollo's unsworn motion for costs unaccompanied by an affidavit. Further, the $15,000 figure related to projected *"future costs, attorney's fees and other expenses* of litigation ... to complete discovery and try this lawsuit." In *Mosher,* we stated, "[t]he deposit of court costs, as distinguished from a bond as security for costs, is provided by Rule 146 and *clearly contemplates a deposit only for accrued costs."* 400 S.W.2d at 404–405. Because the amount fixed for security is unsupported by the record, the trial court abused its discretion by fixing the amount of $15,000 in the order for costs; consequently, it was error to dismiss the suit when Hager failed to pay. *See Johnson,* 857 S.W.2d at 615–16.

We sustain Hager's third point of error.

Hager's fourth, fifth and sixth points of error seek alternative relief. Because we grant his first three points of error, we need not address these points.

We reverse the order of dismissal and remand the cause to the trial court.