# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00084-CV

### D. R., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
### NO. C2020-0451A, THE HONORABLE MELISSA MCCLENAHAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

D. R. (Mother) appeals the trial court's final order terminating her parental rights to her children, K.P. and J.P., arguing that the trial court committed reversible error in failing to appoint counsel for her.[1]  *See* Tex. Fam. Code §§ 107.013 (requiring trial court to appoint attorney ad litem to represent indigent parent in parental-termination suits filed by governmental entity), 161.001(b) (providing circumstances under which trial court may order termination of parent-child relationship).  For the following reasons, we will affirm the order.

## BACKGROUND

On March 12, 2020, the Texas Department of Family and Protective Services filed an Original Petition for the Protection of a Child for Conservatorship and for Termination in Suit Affecting the Parent-Child Relationship.  Mother and Father each filed a waiver of

---

[1] The trial court's order also terminated the parental rights of the children's father (Father), but he does not appeal.

citation and service and an affidavit of indigence on March 24, 2020. *See id.* § 107.013(d); Tex. R. Civ. P. 145(b). That same day, the trial court conducted an indigency hearing at which both Mother and Father testified. The trial court questioned the parties extensively about their sources and amounts of income and total expenses in different categories. Evidence showed that Mother and Father shared a household and had over $1,300 of disposable monthly income after paying their necessary expenses. At the conclusion of the hearing the trial court found that the parents were not indigent and therefore not entitled to court-appointed counsel.[2] The court informed Mother and Father that they did not qualify for court-appointed counsel and needed to retain and pay for their own counsel, should they desire, and provided them with a list of attorneys who regularly handle CPS cases. Father indicated that he would likely represent himself, and Mother indicated her interest in retaining an attorney on the list. The court also informed both parents of the next court setting scheduled for April 7.

Neither Mother nor Father appeared at the April 7 setting despite being "duly and properly notified," after which the trial court rendered an order extending its emergency orders, and the case was set for an adversarial hearing on April 9, again neither parent appearing. In an April 22 status report, the Department asked the court to make the Department's service plan for the parents an order of the court, which the court did after a June 9 status hearing at which neither parent appeared despite being "duly and properly notified" as reflected in the court's order. Trial was set for August 25.

---

[2] The court's handwritten docket sheet for March 24, 2020 reads, "Parents D/N qualify for ct-appointed atty." In its April 7 Order Extending Emergency Orders, the trial court recited its March 24 finding that Mother and Father are not indigent.

2

On August 25, the date the case was set for trial, Father filed an original answer and a new affidavit of indigence. While no new affidavit of indigence for Mother appears in the record, Father's August 25 affidavit includes Mother's income and expenses as part of his household and states that they share a household. When the case was called for the August 25 trial setting, the court swore in Mother and Father and began questioning them about why they had not been in contact with the Department as the Department had alleged. After each parent testified about how their incomes had substantially decreased since March because of the COVID-19 pandemic and about how they had been unable to retain attorneys due to their finances, the trial court announced that it was appointing counsel for each parent and provided each of them with the name and phone number of their respective newly appointed attorney. The case was referred to mediation and then set for a final bench trial in January 2021. Trial occurred on January 26 and 28, 2021.

At the beginning of trial, Mother's and Father's respective court-appointed attorney each announced "not ready" because their clients were not present and had not been in sufficient communication with them to prepare for trial. The trial court overruled the court-appointed attorneys' "not ready" announcements, and trial commenced. After trial, the court rendered an order terminating Mother's and Father's parental rights to their two children.

## DISCUSSION

In one issue, Mother contends that because neither the Department nor the district clerk contested her March 2020 affidavit of indigence, she was entitled to court-appointed counsel as a matter of law and that the trial court abused its discretion and reversibly erred in not

appointing Mother counsel at that juncture.[3]  To support her argument, Mother cites this Court's 2014 opinion in *J.E. v. Texas Department of Family and Protective Services*, No. 03-14-00164-CV, 2014 WL 4536569, at \*8–9 (Tex. App.—Austin Sept. 10, 2014, no pet.) (mem. op.) (holding that because neither Department nor clerk filed written contest challenging father's Rule 145 affidavit, father was "indigent as a matter of law" and trial court "was required to provide him with appointed counsel" (citing *Hager v. Apollo Paper Corp.*, 856 S.W.2d 512, 514 (Tex. App.—Houston [1st Dist.] 1993, no writ)).

However, *J.E.* is distinguishable and thus not dispositive of this appeal because its holding was based on a former version of Rule 145, which specifically provided for the contest of an affidavit of indigence by only the defendant or the clerk: "Contest.  The defendant or the clerk may contest an affidavit that is not accompanied by an IOLTA certificate by filing a written contest giving notice to all parties[.]"  Tex. R. Civ. P. 145(d) (Vernon's 2005, amended 2016). However, the current version of Rule 145 specifically contemplates that a trial court may sua sponte require a party who has filed an affidavit "to prove the inability to afford costs" when "evidence comes before the court" that the party may be able to afford them.  Tex. R. Civ. P. 145(e)(2).[4]

_____

[3] Mother also cursorily complains that the trial court's *later* appointment of counsel for her in August 2020—on the same day that the trial court heard evidence about Mother's and Father's alleged change in financial circumstances—was a "toothless exercise" because such appointment was after a "critical stage" in the proceedings had "come and gone."  However, she does not specifically raise any issues as to that latter appointment and, in any event, that latter appointment is irrelevant to Mother's complaint that the trial court abused its discretion in "failing" to appoint her counsel in March 2020.

[4] Rule 145 was amended in 2016 and again in 2021 with an effective date of April 15, 2021.  While the 2016 version, rather than the 2021 one, applies to this case, we cite to the current version because—for purposes of the issue in this appeal—it reads substantially the

Mother would have this Court hold that if neither the Department nor the clerk has contested the parent's indigence, a trial court may not conduct a hearing to determine whether a parent is indigent but must, rather, take that parent's affidavit as conclusive of indigence. We decline to so hold because to do so would contravene both the current version of Rule 145, *see id.*, and the express mandate in Family Code Section 107.013 for a trial court to "determine" whether a parent is indigent when a parent has placed indigence in issue by filing a Rule 145 affidavit, *see* Tex. Fam. Code § 107.013(d) (requiring parent to file Rule 145 affidavit before court "may conduct a hearing to determine the parent's indigence," permitting court to "consider additional evidence at that hearing," and providing that court "shall appoint attorney ad litem to represent the parent" if "the court determines the parent is indigent"), (e) ("A parent who the court has determined is indigent for purposes of this section is presumed to remain indigent for the duration of the suit and any subsequent appeal unless the court . . . determines that the parent is no longer indigent . . . .").

The trial court heard evidence in March 2020 on Mother's Rule 145 affidavit and made a determination that she was not indigent and therefore not entitled to appointed counsel at that juncture. Mother does not contend on appeal that the trial court's March 2020 determination was not supported by sufficient evidence but merely contends, erroneously, that the trial court had no discretion to sua sponte hear evidence to assist it in making the indigence determination with which the legislature has expressly charged trial courts. *See id.* § 107.013(d), (e). We conclude that the trial court did not abuse its discretion in refusing to appoint Mother counsel in March 2020 and, accordingly, overrule Mother's sole issue.

---

same as the 2016 version. *Compare* Tex. R. Civ. P. 145(f)(4) (Vernon's 2016, amended 2021), *with* Tex. R. Civ. P. 145(e)(2).

## CONCLUSION

We affirm the trial court's order of termination.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Affirmed

Filed: July 1, 2021