**BRANDON v. TARTT.**

No. 4582.

Court of Civil Appeals of Texas. Beaumont.

April 7, 1949.

John O. Young, Orange, for appellant.

Stephenson & Stephenson, Orange, for appellee.

COE, Chief Justice.

Appellee has moved to dismiss this appeal for the reason that the appeal bond was not filed within 30 days after the overruling of appellant's motion for new trial in the trial court. Upon an inspection of the record we find that appellant's motion for a new trial was overruled on the 16th day of August, 1948. Thereafter on August 26th appellant filed an affidavit of his inability to pay the cost of appeal or any part thereof or to give security therefor. On September 1, 1948, appellee filed, in due form, a controverting affidavit contesting the affidavit theretofore filed by appellant. A hearing on this contest was set for hearing on September 18, 1948, and on that date the County Judge entered his order in effect denying the appellant the right to appeal without executing an appeal bond and ordered that an appeal bond in the amount of $100.00 was required. Thereafter and on September 24th, in compliance with the order of the County Judge, the appellant filed an appeal bond which was duly approved by the County Clerk.

We are convinced that the appellant has failed in his efforts in perfecting an appeal to this court. It was said by the court in Maples v. Service Mutual Insurance Co. of Texas, Tex.Civ.App., 169 S.W. 2d 500 that an appeal bond or affidavit is a prerequisite to the perfection of the appeal and is therefore made jurisdictional and that the time for filing the bond is fixed absolutely without power in any court to extend it. In the case of De Miller et al. v. Yzaguirre, Tex.Civ.App., 143 S.W.2d 425, 427 it was said: "If appeal has been properly effected, it was either by the giving of the bond on March 23, 1940, or the filing of the affidavit on February 28, 1940, either of the two methods may be used, but one or the other perfects the appeal. Each is exclusive of the other." When appellee filed his affidavit controverting the affidavit of appellant of his inability to pay the cost of the appeal or give security therefor the burden rested

upon appellant to establish his right to appeal under the affidavit filed by him and is governed by the rule announced in Hugee v. Fritz Motor Co., 117 Tex. 411, 6 S.W.2d 84, 85, wherein it is announced that "action by a trial court in hearing an appellant's or plaintiff in error's proof under this statute is unauthorized unless that action be properly invoked by such appellant or plaintiff in error prior to the expiration of the period of time allowed by law for the filing of his appeal bond, or writ of error bond, as the case may be." The appellant relied upon his affidavit of his inability to pay the cost of appeal or to give security therefor until the time for filing an appeal bond had elapsed. Upon the hearing the trial court denied the appellant the right to appeal upon such affidavit. The filing of an appeal bond by appellant thereafter, which was more than 30 days after the overruling of his motion for new trial, does not confer jurisdiction upon this court to pass upon the merits of the appeal. To discuss this matter further would be only to repeat what has already been written in the cases above referred to, as well as many other cases.

Appellee's motion to dismiss this appeal is sustained and this appeal is ordered dismissed.