**Rosario LOPEZ, Individually and as Surviving Spouse of Salone Lopez, Deceased and as Next Friend of Jo Ann Ruiz, Adan Lopez and Patricia Lopez, Appellants,**

v.

**FOREMOST PAVING, INC., Motheral Contractors, Inc., and the State Department of Highways and Public Transportation, Appellees.**

No. 04–84–00032–CV.

Court of Appeals of Texas, San Antonio.

April 25, 1984.

---

David M. Pritchard, Groce, Locke & Hebdon, San Antonio, Terry A. Canales, Canales & Barrera, Alice, for appellants.

Paul J. Raleigh, Office of Guy Allison, Corpus Christi, Larry G. Black, Asst. Atty. Gen., Austin, for appellees.

Before BUTTS, REEVES and TIJERINA, JJ.

## OPINION

PER CURIAM.

The primary issue presented in appellant's motion for extension of time in which to file her appeal bond is whether the 15-day extension provided in Rule 356(b)[1] applies to cost bonds filed after the sustaining of a contest of appellant's affidavit of inability to pay the costs of the appeal.

Appellant filed a timely affidavit of inability to pay the costs of appeal, and the district clerk responded with a contest filed on January 25, 1984. There is no indication in the record that notice of the filing of the affidavit was provided appellees as required by Rule 355(b). After a hearing held on February 17, the trial judge sustained the contest by an order signed on February 29, 1984.[2] Appellant filed her motion for extension of time on March 26, 1984, 26 days after the order was signed.[3]

Attached to the motion is a certified copy of her cost bond which was filed in the district clerk's office on March 23, 1984. Appellees have filed motions to dismiss the appeal based on the following grounds which will be discussed in the order listed:

(1) The appeal bond was not filed within 10 days of the day the trial court orally sustained the contest;

(2) The Rule 356(b) 15-day period within which a motion for extension of time must be filed does not apply to a bond filed after a contest to an affidavit has been sustained;

(3) The court order required that a "cash bond" be filed, while appellant has tendered a "surety bond"; and

(4) Appellant has not provided reasonable explanation for the requested extension.

### I.

Rule 356(b) provides that when a contest is sustained, the appellant has 10 days after that date in which to file the cost bond. Appellees argue that the contest in this case was sustained upon the court's oral ruling announced at the conclusion of the hearing, and that the 10-day period began to run from that date rather than the date the judge signed the order sustaining the contest. The reasoning seems to be that since appellant's attorney was present at the hearing on the contest, he had actual notice of the court's ruling and, therefore, his time should begin to run from that date. They further argue that the signing of the order is only a ministerial act. These arguments are not tenable.

The calculation of the 10-day period of Rule 356(b) requires that a definite

---

**1.** All references to Rules are to the Texas Rules of Civil Procedure.

**2.** The ruling on the contest was made more than 10 days after the contest was filed. This normally would mean that the allegations of appellant's affidavit must be taken as true. Rule 355(e). However, since there is nothing in the record indicating that the notice requirement of Rule 355(b) was met, appellant is not entitled to

prosecute her appeal without paying or securing the costs. *Bantuelle v. Renfroe,* 620 S.W.2d 635, 640 (Tex.Civ.App.—Dallas 1981, no writ).

**3.** The 15th day after the 10th day subsequent to the signing of the order sustaining the contest was a Sunday. Therefore, the final day a Rule 356(b) motion for extension of time could be filed was Monday, March 26, 1984. Rule 4.

date be ascertainable as the date on which the ruling sustaining the contest was made. *Ranier v. Brown,* 623 S.W.2d 682, 685 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). "The written order entered of record is necessary in order to establish definitely the time within which a cost bond must be filed where a contest of affidavit of inability is sustained." *Id.* In addition, Rule 306a expressly provides that "[t]he date a judgment or order is signed ... shall determine the beginning of the periods prescribed by these rules for filing ... an appeal bond ...". The adoption of a different rule for the filing of appeal bonds in pauper's affidavit appeals would be contrary to both the letter and the spirit of the recently amended rules of civil procedure which have been designed to eliminate, insofar as possible, the jurisdictional traps which often caused harsh dispositions without regard to the merits of the cause. *See,* Pope & McConnico, *Practicing Law With the 1981 Texas Rules,* 32 BAYLOR L.REV. 457, 492–96 (1980). Whether or not the attorney was present for the court's oral pronouncement is irrelevant. Appellate time limits run from written, signed orders rather than from oral pronouncements.

## II.

The second issue we must decide is whether the 15-day extension provided in the first sentence of Rule 356(b) for the filing of appeal bonds applies as well to appeal bonds filed after the sustaining of a contest under the second sentence of that rule. Appellees argue that Rule 356(b) provides for two separate and distinct extensions of time from the filing deadlines set out in Rule 356(a). They argue that the first sentence of 356(b) specifically deals only with the extension of the 356(a) timetable. In other words, once a contest has been sustained, an appellant's bond must be filed within an absolute and inflexible 10-day period.

We cannot accept this construction. Rule 356(b) reads as follows:

(b) An extension of time may be granted by the appellate court for late filing of a cost bond *or* making the deposit required by subdivision (a) *or* for filing the affidavit, if such bond is filed, deposit is made, or affidavit is filed within fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension. If a contest to an affidavit in lieu of bond is sustained, the time for filing the bond is extended until ten days after the contest is sustained unless the trial court finds and recites that the affidavit was not filed in good faith. [Emphasis supplied.]

Clearly, the first sentence does not refer exclusively to Rule 356(a). It says an extension of time may be granted for the late filing of a cost bond OR for making the deposit required by 356(a) OR for filing the affidavit of inability to pay costs. The first sentence does not by its terms exclude cost bonds necessitated by the sustaining of a contest to an affidavit. It refers merely to the late filing of a cost bond. The 15-day extension applies to bonds, transcripts, statements of facts, motions for rehearing, and applications to the supreme court for writ of error. Rules 356(b), 21c. It cannot reasonably be argued that an appellant who chooses to perfect her appeal through the 356(a) alternative of an affidavit of inability to pay costs has forfeited any right to request an extension for filing her bond to which she would otherwise be entitled.

Appellees argue that the 1981 amendment to Rule 356 supports their construction. Prior to the 1981 amendment an appellant who filed an affidavit in lieu of a bond which was successfully contested was barred from filing the bond if its due date, as calculated from the date of the judgment, had expired. *Johnson v. Barge,* 552 S.W.2d 508, 509 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), *cert. denied,* 434 U.S. 1076, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978). From this appellees conclude that the new 10-day extension is a substantial increase of appellants' rights to appeal, and is the only protection appellants need. This construction is contrary to the su-

preme court's goals in revising the appellate rules, i.e., the elimination of jurisdictional traps from Texas appellate procedure which sometimes resulted in disposition of appeals without consideration of the merits. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 861 (Tex.1982). It is further in opposition to the liberal construction of the rules of procedure mandated by Rule 1 in order "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *See also*, Pope & McConnico, *supra* at 492–93.

■ The 10-day period is not the functional equivalent of the 356(b) 15-day extension period. It was added to eliminate the procedural trap created under the old rule when a contest was sustained. Barrow, *Appellate Procedure Reform*, 12 ST. MARY'S L.J. 615, 622 (1981). We see no reason to treat the bond filed in a pauper's affidavit case any differently from bonds filed in any other appeal. In a non-affidavit case, the bond is due 30 or 90 days after the judgment is signed and the bond deadline may be extended pursuant to a motion filed within the 15-day period allowed by Rule 356(b). We hold that in a pauper's affidavit appeal, such as the instant case, the bond is due 10 days after the contest is sustained, and its deadline may likewise be extended pursuant to a motion filed within 15 days thereafter.

### III.

The order sustaining the contest stated that appellant "shall not be entitled to prosecute any appeal from the judgment ... without paying costs or giving security therefor." It concluded by ordering appellant to "deposit with District Clerk a cash bond in the amount of $3,000." Appellees argue that the instrument filed by appellant does not comply with the court's order since it is a "surety bond" rather than a "cash bond" and therefore is inadequate to perfect the appeal.

The instrument tendered by appellant is entitled "Cost Bond on Appeal." It is in the amount of $3,000.00, and contains two

sureties whose sufficiency to execute the bond in that capacity has not been challenged. The bond is conditioned that appellant shall prosecute the appeal with effect and shall pay all costs which have accrued in the trial court and the cost of the statement of facts and transcript. The bond is made payable to the District Clerk and the post office addresses of the sureties are included. In other words, the instrument complies in all respects with Rule 354 and therefore is sufficient to perfect appellant's appeal.

■ We reject the argument that a "cash bond" is somehow a different instrument from a "surety bond," an "appeal bond" or a "cost bond." All are undertakings to pay a specified amount of money conditioned upon the performance of certain acts. An instrument that meets the requirements of Rule 354 is sufficient to perfect an appeal no matter what its appellation. We interpret the court's order as requiring appellant to perfect her appeal by either a $3,000.00 cash deposit or the filing of a cost or appeal bond in that amount. Appellant has chosen the latter method by filing a bond in compliance with Rule 354.

### IV.

Appellant's explanation for her failure to timely file the bond is that since the contest was sustained her attorney had attempted to locate a surety willing to post the cost bond. Appellant's attorney had no success and eventually advanced the funds on behalf of appellant to avoid the loss of her right to appellate review. A second explanation tendered is that appellant's attorney received no written notification of the signing of the order sustaining the contest until March 16, 1984, 16 days after the order was signed.

Appellees have challenged only the second explanation pointing out that appellant's attorney was present at the hearing on the contest and therefore had notice of the court's ruling from the time it was announced from the bench. While this may be an accurate observation, appellees

have not challenged the explanation that the bond was late due to the difficulty in obtaining a surety.

■ A reasonable explanation is any plausible statement of circumstances indicating that the failure to file the bond on time "was not deliberate or intentional, but was the result of inadvertance, mistake or mischance." *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977). The explanation tendered by appellant shows diligence on her part in attempting to locate a surety for the bond. Her inability to do so within the 10-day period was due to her misfortune in being unable to find a willing surety. We hold that appellant has shown a reasonable explanation for her failure to timely file her bond.

Appellant's motion for extension of time in which to file the bond is granted. All appellees' motions to dismiss are denied.