**TEMPLO EBENEZER, INC., Appellant,**

v.

**EVANGELICAL ASSEMBLIES, INC., Appellee.**

No. 07–87–0186–CV.

Court of Appeals of Texas, Amarillo.

Aug. 18, 1987.

Rehearing Denied Sept. 4, 1987.

Kevin L. Williams, Baker, Field, Clifford, Krier & Webb, Inc., Lubbock, for appellant.

Ralph H. Brock, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

## OPINION ON MOTION TO DISMISS

COUNTISS, Justice.

Appellee Evangelical Assemblies, Inc. moves the dismissal of this appeal on the ground that appellant Templo Ebenezer, Inc. did not timely file its appeal bond. We overrule the motion.

The judgment from which Templo Ebenezer appeals was signed on April 22, 1987. Templo Ebenezer filed an affidavit of inability to give cost bond on May 5, 1987. The affidavit was contested by the court reporter and by Evangelical Assemblies and the trial court sustained the contest on May 12, 1987, setting an appeal bond of $675.00. Templo Ebenezer then filed a motion for new trial on May 21, 1987. Thereafter, Templo Ebenezer filed its cost bond on June 17, 1987. The trial court overruled the motion for new trial, by written order, on June 22, 1987.

Pointing to the last sentence of Rule 41(a)(2) of the Texas Rules of Appellate Procedure, Evangelical Assemblies says the cost bond was due ten days after the trial court sustained the contest of the affidavit of inability to give cost bond. Pointing to Rule 329(b) of the Texas Rules of Civil Procedure and Rule 41(a)(1) of the Texas Rules of Appellate Procedure, Templo Ebenezer says it filed the bond well within the times allowed by the Rules. To resolve the dispute, we must reconcile various provisions in the cited Rules.

By Rule 41(a)(1), "the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party." The motion for new trial, to be timely, must be filed "prior to or within thirty days

after the judgment ... is signed." Tex.R. Civ.Pro. 329b(a). Thus, a potential appellant must, under normal circumstances, file the appeal bond [1] or affidavit in lieu thereof within one of two time frames: 30 days after judgment is signed if a timely motion for new trial is not filed, or 90 days after judgment is signed if a motion for new trial is filed within 30 days after judgment.[2] *See, e.g., Estes v. Carlton,* 708 S.W.2d 594, 595–96 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

An appellant unable to pay for a bond may prosecute an appeal by filing with the clerk, within the foregoing applicable time frames, an affidavit reciting that inability. Tex.R.App.Proc. 40(a)(3). That affidavit may be contested, however, and if it is contested, the matter must be resolved within the 10 or 20 day period specified by Rule 40(a)(3)(E) and the appellant must prove the averments in the affidavit. If the appellant does not carry the burden, the contest will be sustained and the appellant must then file an appeal bond if the appeal is to remain viable.

When the contest is overruled, the appeal is perfected at that time. Tex.R.App.Proc. 40(a)(1). When the contest is sustained, however, the only guidance available on the appropriate procedure is from Rule 41(a)(2):

> (2) *Extension of Time.* An extension of time may be granted by the appellate court for late filing of a cost bond or notice of appeal or making the deposit required by paragraph (a)(1) or for filing the affidavit, if such bond or notice of appeal is filed, deposit is made, or affidavit is filed not later than fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension. *If a contest to an affidavit in lieu of bond is sustained, the time for filing the bond is extended until ten days after the contest is sustained unless the trial court finds and recites that the affidavit is*

---

**1.** Where the Rules call for a surety bond, a party may deposit cash or a negotiable obligation in accordance with Tex.R.App.Proc. 48.

**2.** An untimely motion for new trial does not enlarge the time from 30 days to 90 days. *Dillard v. McClain,* 159 Tex. 559, 324 S.W.2d 163 (1959).

*not filed in good faith.* [Emphasis added.]

Evangelical Assemblies bases its motion to dismiss upon the emphasized sentence, pointing out that the bond was filed over 10 days after the contest was overruled.

■ We find no cases speaking directly to the problem before us. It is easily resolvable, however, when we observe the spirit of the Rules of Procedure and give them a practical construction. The Rules are to be given a liberal interpretation in order to adjudicate a case, if possible, under the applicable substantive law. *Lopez v. Foremost Paving, Inc.,* 671 S.W.2d 614, 618 (Tex.App.—San Antonio 1984, no writ). The goal of the Rules is to eliminate jurisdictional traps that preclude disposition on the merits, and establish orderly processes for the management of litigation. *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 861 (Tex.1982). The emphasized sentence quoted above from Rule 41(a)(2) was specifically designed to achieve that goal. Prior to the inclusion of the sentence in the Rule an appellant was doomed if the contest to his affidavit was sustained after the deadline had passed for posting an appeal bond. As the Supreme Court held in *King v. Payne,* 156 Tex. 105, 292 S.W.2d 331, 334–35 (1956): "There is no provision or authority for extending the time within which to file a bond.... In De Miller v. Yzaguirre, ... it is clearly held that delay in acting on a contest of an affidavit in lieu of bond does not operate to extend the time for the filing of bond."

Now, under the new Rule, the appellant receives an automatic 10 day extension within which to file an appeal bond if the contest to the affidavit is sustained at a time when appellant has less than 10 days under Rule 41(a)(1) within which to file a bond. That much is clear from reading the Rules.

Our concern here is whether the 10 day time period must be observed when the contest is sustained before the time for taking other action has expired. After careful consideration, we conclude that Templo Ebenezer was not limited to the 10 day time frame, under the facts of this case, for several reasons. First, we observe that the 10 day provision is contained within a subsection entitled *"Extension of Time"* and speaks in terms of extending the time for filing a bond.[3] Yet, an extension is unnecessary if time remains for filing the bond after the contest is sustained. While it is apparent that the Rule was designed to eliminate the *King v. Payne* trap, we substitute one trap for another if we accept Evangelical Assemblies' position.

Of more importance, however, is the fact that we cannot construe a rule in a vacuum; we must consider all rules pertinent to the problem and harmonize them if possible. For instance, we find nothing in the Rules or case law indicating that an appellant who files an affidavit of inability to pay costs and loses a contest of the affidavit, forfeits the right to file a motion for new trial. Nor do we find anything to indicate that a motion for new trial filed timely after the contest is sustained, should not activate the 90 day time frame for filing a bond. Perhaps most important, there is no logical reason for either result.

■ We hold, therefore, that an appellant who timely files an affidavit of inability to pay costs, and loses a contest of that affidavit, may file an appeal bond within 10 days after the contest is sustained, within 30 days after the judgment is signed, or, if any party files a timely motion for new trial under Rule 329b(a), within 90 days after the judgment is signed. Because Templo Ebenezer filed a timely motion for new trial after the contest was sustained, and filed a bond within 90 days from signing of judgment, after filing a timely motion for new trial, its bond was timely and vested this Court with jurisdiction of the

---

**3.** We also note that Rule 41(a)(2) establishes the procedure for obtaining an extension of time for the late filing of a bond or affidavit. It is certainly arguable, although we do not so hold, that the 10 day extension applies only in those cases where an appellate court has permitted the late filing of an affidavit and a contest of the affidavit is later sustained.

appeal. Therefore, the motion to dismiss is overruled.