IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 




NO. 3-91-311-CV





DOROTHY C. SWEETON,



 APPELLANT


vs.





MURRIEL TOOKE TALLEY, MELINDA ANN SWEETON MCINTIRE, MARY MARSHA


SWEETON BAXMAN, AND MURRIEL MELISSA SWEETON GORDON,



 APPELLEES


 




FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT



NO. 86-0531, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 





PER CURIAM


 Appellant Dorothy C. Sweeton seeks to appeal from a judgment of the district court
of Hays County in favor of appellees Murriel Tooke Talley, Melinda Ann Sweeton McIntire,
Mary Marsha Sweeton Baxman, and Murriel Melissa Sweeton Gordon. We will dismiss the
appeal.

 The district court rendered judgment on April 8, 1991. Sweeton filed timely
motions for new trial on April 22, 1991, and on May 3, 1991; she filed a timely affidavit of
inability to pay cost bond on July 5, 1991. Tex. R. Civ. P. Ann. 329b (Supp. 1991); Tex. R.
App. P. Ann. 40(a)(3) (Pamph. 1991). The district court rendered its order sustaining the contest
to Sweeton's affidavit on July 16, 1991. Sweeton was then required to file her appeal bond with
the district clerk on or before July 26, 1991. Tex. R. App. P. Ann. 41(a)(2) (Pamph. 1991).

 On July 26, 1991, Sweeton filed a timely motion for extension of time to perfect
appeal in this Court. Rule 41(a)(2); see Lopez v. Foremost Paving, Inc., 671 S.W.2d 614, 617-18
(Tex. App. 1984, no writ). (1) Rule 41(a)(2) provides that an appellate court may grant a motion
for extension "if such bond . . . is filed not later than fifteen days after the last day allowed and,
within the same period, a motion is filed in the appellate court reasonably explaining the need for
such extension." (Emphasis added). This Court overruled Sweeton's motion because she did not
show that she had filed her cost bond with the district clerk before August 12, 1991. We then
dismissed the appeal.

 Sweeton has now filed a motion for rehearing asserting that this Court erred in
dismissing the appeal because she did file her cost bond in compliance with Rule 41(a)(2). A
certified copy of the cost bond on appeal accompanies the motion for rehearing; the district clerk's
certification states that Sweeton filed the bond on July 26, 1991. See Tex. R. App. P. Ann. 19(d)
(Pamph. 1991). We grant Sweeton's motion for rehearing.

 Sweeton has also filed, in this cause, a motion for extension of time to file
statement of facts and transcript. The record was due to be filed on or before August 6, 1991. 
Tex. R. App. P. Ann. 54(a) (Pamph. 1991). Texas R. App. P. Ann. 54(c) (Pamph. 1991)
required Sweeton to file a motion for extension of time to file the transcript and statement of facts
no later than August 21, 1991. Because Sweeton did not file the motion until September 10,
1991, this Court is without jurisdiction to grant an extension of time within which to file the
record. Forest Lane Porsche-Audi Assoc. v. Defries, 730 S.W.2d 80, 82 (Tex. App. 1987, no
writ); see B. D. Click Co. v. Safari Drilling Co., 638 S.W.2d 860, 862 (Tex. 1982). We dismiss
the motion for extension of time to file statement of facts and transcript.

 This Court may dismiss an appeal for failure to file the record within the designated
time. Rule 54(a). Because Sweeton's motion was untimely and she may not now file the
transcript and statement of facts, the appeal is dismissed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Appeal Dismissed on Motion for Rehearing

Filed: October 9, 1991

[Do Not Publish] 

1.   Sweeton also filed a motion for leave to file petition for writ of mandamus seeking
review of the order sustaining the contest. This Court overruled the motion on August 28,
1991.