Randy MANICCIA, Jon Maniccia, and Susan Maniccia, Appellants,

v.

JOHNSON & GIBBS, P.C.; Kathryn K. Lindauer; Aldos Holdings, Ltd.; William M. Moore; and Daniel N. Matheson, III, Appellees.

No. 3–92–614–CV.

Court of Appeals of Texas, Austin.

Dec. 23, 1992.

Carl T. Wibbenmeyer, Austin, for appellants.

Jennifer K. Lipinski, Scott, Douglas & Luton, Gary F. DeShazo, Gary F. DeShazo & Associates, Austin, for appellees.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

Appellants Randy Maniccia, Jon Maniccia, and Susan Maniccia seek to appeal from a judgment of the district court of Travis County rendered on August 28, 1992. Appellants have filed a motion for extension of time to file the appeal bond. The motion requires this Court to determine whether appellants will forego review of the order sustaining the contests to their affidavits of inability to pay costs of appeal if they file an appeal bond.

Appellants filed a motion for new trial that was overruled by operation of law. *See* Tex.R.Civ.P. 329b(a), (c). Assuming the motion was timely filed,[1] Tex.R.App.P. 41(a) required appellants to perfect an appeal no later than November 30, 1992. On November 25th each appellant filed an affidavit of inability to pay costs of appeal. Tex.R.App.P. 40(a)(3)(A). On November 30th, the court reporter and several appellees filed contests to the affidavits. Tex.R.App.P. 40(a)(3)(C). After a hearing on December 8th, the trial court signed a written order sustaining the contests to appellants' affidavits. Tex.R.App.P. 40(a)(3)(E), (F).

At that time, the court also heard and granted the motion of appellee Johnson & Gibbs, P.C., to increase the amount of the appeal bond. Tex.R.App.P. 46(c). By written order, the court increased the amount of the bond on appeal to $30,000. On December 16th, appellants filed their motion requesting this Court to extend the time for perfecting appeal until January 4, 1993. We also understand appellants to ask that we suspend the time within which to perfect appeal. *See White v. Baker & Botts,* 833 S.W.2d 327, 329 (Tex.App.—Houston

---

1. Neither appellants unsworn motion nor the attached affidavit of their attorney states the date on which the motion was filed. *See generally* Tex.R.App.P. 73(c).

[1st Dist.] 1992, no writ) (*dicta* advising party who seeks review of order sustaining contest to affidavit of inability to pay to seek temporary relief pursuant to Tex. R.App.P. 121(d)). We question whether the Rule 121 provision for temporary orders would allow this Court to suspend the time within which to perfect appeal even if appellants were before us on a petition for writ of mandamus but need not decide this issue.

■ Texas R.App.P. 41(a)(2) extends the time for perfecting appeal until December 18th, ten days after the trial court signed the order sustaining appellees' contests. *Templo Ebenezer, Inc. v. Evangelical Assemblies, Inc.*, 734 S.W.2d 770, 772 (Tex. App.—Amarillo 1987, no writ); *Lopez v. Foremost Paving, Inc.*, 671 S.W.2d 614, 616 (Tex.App.—San Antonio 1984, orig. proceeding). Appellants have an additional fifteen days within which to file a motion for extension of time to perfect an appeal in this Court and an additional fifteen days within which to file an appeal bond or make a cash deposit with the district clerk of Travis County. Tex.R.App.P. 41(a)(2); *White*, 833 S.W.2d at 329 n. 7; *Lopez*, 671 S.W.2d at 617–18.

Appellants' motion and the attached affidavit suggest that appellants have not yet filed an appeal bond or made a cash deposit with the district clerk of Travis County. Tex.R.App.P. 41(a)(2). In their motion, appellants state that they "have the $1000.00 necessary to perfect the appeal" but do not have the increased amount of $30,000, and also state that they will seek review of the trial-court orders sustaining the contests to the affidavits and increasing the amount of the bond.[2] Pursuant to Tex.R.App.P. 46(c), appellants may perfect their appeal by filing a bond, or making a cash deposit, in the amount of $1000. *See* Tex.R.App.P. 46(a) (no order increasing the amount of a bond or cash deposit shall affect perfecting of

the appeal or the appellate court's jurisdiction). Because the record before this Court is incomplete, we are unable to determine the basis of appellants' contention that they are unable to pay the costs of appeal or to provide security therefor.

■ Appellants suggest, however, that filing a bond or making a cash deposit will preclude review of the trial-court order sustaining the contest by petition for writ of mandamus. *See Stein v. Frank*, 575 S.W.2d 399, 400 (Tex.Civ.App.—Dallas 1978, no writ), (appellant abandoned appeal by affidavit of inability to pay when she filed appeal bond before hearing and ruling on contest to affidavit); *see also* Tex. R.App.P. 121; *Allred v. Lowry*, 597 S.W.2d 353, 354 n. 2 (Tex.1980). A party may perfect an appeal only once. *Dunn v. Dallas County Child Welfare Unit*, 593 S.W.2d 420, 422 (Tex.Civ.App.—Dallas 1980, no writ); *Stein*, 575 S.W.2d at 400. We conclude, however, that appellants may both file an appeal bond or make a cash deposit and proceed with a mandamus action. *See Shaffer v. U.S. Cos., Inc.*, 704 S.W.2d 411, 413 (Tex.App.—Dallas 1985, no writ). Unlike *Stein*, in the instant proceeding the trial court has determined the contests; the affidavits of inability to pay are ineffective unless this Court determines the trial court abused its discretion. Appellants must comply with Rule 41(a)(2) in order to extend the time within which to perfect appeal. *Alvarado v. State*, 656 S.W.2d 611, 612 (Tex.App.—San Antonio 1983, no writ); *see Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977).

Appellants may also seek review of the trial-court order sustaining the contest. Otherwise, they would be placed in the unacceptable position of choosing between either abandoning their affidavits of inability to pay or abandoning their appeal. We will not require appellants to make such a choice. *See B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 861 (Tex.1982);

---

2. We understand that appellants have two concerns: (1) the sustaining of the contests to their affidavits of inability to pay the costs of appeal and (2) the increase in the amount of the appeal bond. Our focus is on appellants' need to perfect an appeal timely and still allow this Court to review the order sustaining the contests. Ap-

pellants have not yet asked us to review the decision to increase the appeal bond which they may do pursuant to Tex.R.App.P. 46(c). If we should agree with the trial court and appellants do not post the amount of the increased bond, this Court may dismiss the appeal. Tex. R.App.P. 46(c), 60(a).

*Templo Ebenezer,* 734 S.W.2d at 772 (goal of rules of procedure is to eliminate jurisdictional traps that preclude disposition on merits). If we later determine that the trial court abused its discretion in sustaining the contests to the affidavits of inability to pay, appellants will have perfected an appeal by filing the affidavits, and the appeal bond or cash deposit will then have no legal effect on the appeal. *Bantuelle v. Renfroe,* 620 S.W.2d 635, 638 (Tex.Civ. App.—Dallas 1981, no writ); *McCartney v. Mead,* 541 S.W.2d 202, 204 (Tex.Civ.App.— Houston [1st Dist.1976, no writ). If we determine that the trial court did not abuse its discretion, then appellants will still have perfected an appeal.

Accordingly, appellants' motion for extension of time to file the appeal bond will remain pending on this Court's docket. Appellants should supplement such motion with a certified copy of their appeal bond filed with the district clerk of Travis County or of the clerk's certificate of cash deposit in lieu of appeal bond on or before January 4, 1993. *See* Tex.R.App.P. 19(d).