Andrelyn BALLARD, Appellant,

v.

Benjamin L. PORTNOY, M.D. and
Eckerd Drug, Appellees.

No. 01–94–00291–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 29, 1994.

Grover G. Hankins, Jue E. Nosagie, Houston, for appellant.

Fields Alexander, Houston, for appellees.

Before COHEN, HUTSON–DUNN and O'CONNOR, JJ.

## OPINION ON MOTION FOR REHEARING

PER CURIAM.

We withdraw our opinion of July 7, 1994, and substitute this opinion in its stead.

The appellee, Benjamin L. Portnoy, M.D., filed a motion to dismiss appeal for want of jurisdiction in which he asserted that because the appellant, Andrelyn Ballard, did not timely file an appeal bond, this Court did not have jurisdiction to entertain this appeal. Ballard filed a motion to strike appellee's

motion to dismiss and a request to file bond out of time.

## Procedural background

The following is an abbreviated chronology of the procedural history of this case:

June 1992: Ballard filed a wrongful death action against appellees Portnoy and Eckerd Drugs.

October 13, 1993: The trial court granted Portnoy's motion for summary judgment.

October 19, 1993: Portnoy filed a motion for severance, which was never ruled on.

November 8, 1993: Ballard filed an affidavit of inability to pay cost of appeal.

November 12, 1993: Ballard filed a second amended petition, in which she named Linda Clauson, R.N., as a defendant.

December 22, 1993: The trial court signed the order granting Eckerd's motion for summary judgment.

January 27, 1994: The trial court signed a final judgment ordering that Ballard take nothing "from Defendants, including Defendant, BENJAMIN L. PORTNOY, M.D., and Defendant, ECKERD DRUGS...." The judgment provided, "All relief sought herein not specifically granted is denied." The judgment made no reference to defendant Clauson.

February 18, 1994: The trial court sustained the contest to Ballard's affidavit of inability to pay. On the judge's docket sheet, the court noted, "[Plaintiff's] affidavit of inability to pay costs of appeal is denied. [Plaintiff] is not entitled to appeal forma pauperis. Stat. notice not timely given."

March 8, 1994: Ballard filed her cost bond.

## Finality of the January 27, 1994, judgment

In our order of June 9, 1994, we stated that because the January 27, 1994, judgment did not dispose of defendant Clauson, it did not appear to be a final and appealable judgment. Portnoy asserts in his response showing grounds for continuing appeal that the appeal is not interlocutory. He relies upon the statement of facts from the December 22, 1993, hearing at which the trial court granted defendant Eckerd's motion for summary judgment. At this hearing, Ballard's lawyer noted that Clausen was not represented by counsel and had not been served with citation. Ballard's lawyer further noted that he had filed a motion to amend Ballard's petition to add Clauson, that the trial court had not ruled upon the motion, but that because of the trial court's ruling on the issues in Eckerd's motion for summary judgment, "[T]here's really no reason to bring in another party...." The trial court located Ballard's outstanding motion to amend in the court's file and stated, "Since that issue has really been addressed by the Court's granting this motion for summary judgment, then I'm going to strike through the signature line on that particular motion so it won't be floating around. It will be clear we have addressed that through these other motions."

Portnoy asserts that because the trial court did not grant leave to amend the petition, Clauson was not a party to the lawsuit, and the January 27, 1994, judgment thus disposed of all issues and parties in the case. We agree with Portnoy that the January 27 judgment was a final judgment, for a reason other than that asserted by Portnoy.

▆ Where a judgment disposes of all named parties except those who have not been served and have not appeared, the judgment is considered final for purposes of appeal and the case stands as if there had been a discontinuance as to those parties not served. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962); *Flanagan v. Martin,* 880 S.W.2d 863, 865 (Tex. App.—Waco 1994, no writ). Ballard's trial counsel indicated at the hearing that Clauson had not been served with citation and was not represented at the hearing by counsel. We find that because Clauson was not served and did not appear, the January 27, 1994, judgment is final for purposes of appeal. We therefore consider the merits of Portnoy's motion to dismiss for want of jurisdiction.

## Jurisdiction

▆ The time period for filing a cost bond is jurisdictional. *McCaskell v. Methodist Hosp.,* 856 S.W.2d 519, 521 (Tex.App.—Hous-

ton [1st Dist.] 1993, no writ). Portnoy asserts that because Ballard did not timely file her cost bond, this Court does not have jurisdiction to hear her appeal. TEX.R.APP.P. 41(a)(2) provides in part: "If a contest to an affidavit in lieu of bond is sustained, the time for filing the bond is extended until 10 days after the contest is sustained...." *White v. Baker & Botts,* 833 S.W.2d 327, 329 (Tex. App.—Houston [1st Dist.] 1992, no writ). Ballard filed neither a motion for new trial nor a motion for extension of time to file a cost bond. Therefore, Portnoy asserts, Ballard had until February 28, 1994, to file her cost bond.

In response, Ballard asserts the trial court sustained the contest solely on the basis of her failure to notify the court reporter of the filing of the affidavit. Ballard notes the certificate of service on her affidavit reflects the court reporter was served. She argues that because the trial court committed a substantive error, a subsequent procedural defect should not preclude her appeal. Ballard relies on *Templo Ebenezer, Inc. v. Evangelical Assemblies, Inc.,* 734 S.W.2d 770 (Tex.App.—Amarillo 1987, no writ) for the proposition that "[t]he goal of the Rules [of appellate procedure] is to eliminate jurisdictional traps that preclude the disposition on the merits, and establish orderly processes for the management of litigation." *Id.* at 772. Although *Templo Ebenezer* involved a motion to dismiss on the grounds that the appellant did not timely file its appeal bond, the case is inapplicable to the situation before us.

In *Templo Ebenezer,* the appellant asserted that because it filed a timely motion for new trial, it had until 90 days after the judgment was signed to file its bond, pursuant to TEX.R.APP.P. 41(a)(1). The court of appeals overruled the appellee's motion to dismiss and held that an appellant who timely files an affidavit of inability to pay costs and loses a contest of that affidavit may file an appeal bond within 10 days after the contest is sustained, within 30 days after the judgment is signed, or, if any party timely files a motion for new trial under TEX. R.CIV.P. 329b(a), within 90 days after the judgment is signed. *Id.* at 772. Here, there was no motion for a new trial, and Ballard did not file her bond within 10 days after the court sustained the contest or within 30 days after the judgment was signed.

Ballard further asserts that TEX. R.APP.P. 46(f) allows this Court to permit her to file an out-of-time bond. Rule 46(f) provides:

> On motion to dismiss an appeal or writ of error for *a defect of substance of form in any bond or deposit given as security* for costs, the appellate court may allow the filing of a new bond or the making of a new deposit in the trial court on such terms as the appellate court may prescribe....

(Emphasis added.) Ballard's reliance on rule 46(f) is misplaced. The rule permits this Court to allow an appellant to amend defects in a bond or deposit given as security for costs; it does not authorize us to permit the filing of an out-of-time bond. We do not have the authority to construe a rule of procedure liberally to enlarge our jurisdiction. *Baker & Botts,* 833 S.W.2d at 329. We cannot, for any reason, dispense with or enlarge the mandatory time limits for filing appeal bonds. *Ludwig v. Enserch Corp.,* 845 S.W.2d 338, 340 (Tex.App.—Houston [1st Dist.] 1992, no writ) (per curiam).

Portnoy's complaint is well-taken. We dismiss this appeal for want of jurisdiction.