# NO. 12-09-00130-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES WALKER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *CRAIG CROWELL,*<br>*APPELLEE* | § | *OF SMITH COUNTY, TEXAS* |

### *OPINION*

James Walker appeals from the county court at law's order dismissing his appeal of a justice court judgment for lack of jurisdiction. In his sole issue, Walker asserts that the county court at law erred in concluding it did not have jurisdiction of his appeal. We affirm.

### BACKGROUND

Craig Crowell filed suit against Walker in justice court, alleging that Walker was in default under the terms of a note held by Crowell. On May 27, 2008, the justice court signed a judgment in Crowell's favor after a jury trial.

Dissatisfied with the verdict and judgment, Walker attempted to appeal in the county court at law seeking a trial de novo. Specifically, on May 30, 2008, Walker filed a notice of appeal and an affidavit of inability to pay costs. Crowell contested Walker's affidavit of inability to pay costs by filing a letter with the justice court on June 4, 2008. For reasons not apparent from the record, the justice court did not conduct a hearing on the contest until August 13, 2008, over two months later. At that hearing, the justice

1

court concluded that Walker had the ability to pay costs, rejected the affidavit, and denied the appeal.

Walker did not appeal the justice court's ruling on the affidavit. Instead, he attempted to file an appeal bond and an "amended notice of appeal" on August 15, 2008. The justice court rejected that appeal bond as noncompliant on September 4, 2008, and Walker first received notice of that ruling on September 8, 2008. Walker filed a "second amended notice of appeal" and appeal bond on September 9, 2008, which the justice court approved on September 10, 2008.

In the county court at law, Crowell filed a motion to dismiss the appeal for lack of jurisdiction on January 8, 2009, which was granted after a hearing by an order signed on February 4, 2009. Walker timely filed a motion for new trial, which was denied. He then appealed to this court.

### DISMISSAL OF WALKER'S LAWSUIT FOR LACK OF JURISDICTION

In his sole issue, Walker asserts the county court at law erred in concluding it did not have jurisdiction of his appeal. The county court at law held that Walker did not timely perfect his appeal because, since he filed his appeal bond after the justice court sustained the contest to his affidavit of inability to pay costs, he filed the appeal bond too late.

Walker contends that once the justice court sustained Crowell's contest to his affidavit, he could then start anew under the appeal bond procedure. In other words, he argues that once his attempt to perfect the appeal through an affidavit of inability to pay costs failed, his deadline for filing an appeal bond was extended.

Crowell asserts that the appeal bond procedure and the affidavit procedure are mutually exclusive. That is, he claims a party complaining of a justice court judgment must choose a method of perfecting his appeal at the outset, by filing either an appeal bond or an affidavit of inability to pay the costs of appeal. Crowell argues that if an affidavit of inability to pay costs is successfully contested, the deadline for filing an appeal bond is not extended. Thus, the party who filed the affidavit cannot ever timely perfect an appeal by filing an appeal bond. Here, the appeal bond was approved 106 days after the justice court signed the judgment, which Crowell argues was too late.

2

**Standard of Review**

Whether Walker timely filed his appeal bond and thereby conferred jurisdiction on the county court at law presents a legal question, which we review de novo. *See Williams v. Schneiber*, 148 S.W.3d 581, 583 (Tex. App.—Fort Worth 2004, no pet.). If the appeal bond is not timely filed, the county court is without jurisdiction to hear the appeal, and the appeal must be dismissed. *Id.*

**Perfecting an Appeal from Justice Court**

An aggrieved party may appeal a justice court judgment to the county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001 (Vernon 2008). The result is a trial de novo. TEX. R. CIV. P. 574b. An appeal of a justice court judgment is perfected "[w]hen the bond, or the affidavit in lieu thereof, provided for in the rules applicable to justice courts, has been filed and the previous requirements have been complied with . . . ." TEX. R. CIV. P. 573. Thus, an appellant from a justice court may perfect an appeal by filing an appeal bond or an affidavit of inability to pay costs, in lieu of an appeal bond. *See* TEX. R. CIV. P. 571, 572.

An appellant who files an appeal bond must do so within ten days from the date that the judgment complained of is signed. TEX. R. CIV. P. 571. If the appeal bond is successfully challenged, the appellant must be provided five days, after notice, within which to correct defects or irregularities of procedure, either of form or substance. *Id.*

An appellant who is unable to pay the costs of the appeal must file his affidavit of inability to pay costs, in lieu of an appeal bond, within five days after the judgment complained of is signed. TEX. R. CIV. P. 572. The affidavit must state that the appellant is unable to pay the costs of appeal, in whole or in part. *Id.* The nonappealing party may challenge the affidavit and the affiant's indigency within five days after the appealing party files the affidavit. *Id.* If the justice of the peace then denies the affidavit, and consequently the appeal, the appellant has five days after that ruling in which to appeal to the county court. *Id.* In such an instance, the county court must hold a hearing within ten days and determine de novo whether the affidavit is sufficient. *Id.* Although rule 571 allows an appellant five days to correct a defective appeal bond, rule 572 does not make

3

any provision for correcting a defective affidavit of inability to pay costs. *Compare* TEX. R. CIV. P. 571 *with* TEX. R. CIV. P. 572.

In this case, Walker did not appeal the justice court's rejection of his affidavit and denial of his appeal. Instead, he proceeded to file his appeal bond. According to rule 571, Walker was required to file his appeal bond on or before June 6, 2008. However, the justice court's rejection of his affidavit and denial of his appeal occurred seventy-eight days after his deadline for filing the appeal bond expired. Neither rule 571 nor rule 572 addresses whether the deadline for filing an appeal bond is extended where, as here, that deadline expires before the justice court rejects the affidavit of inability to pay costs and denies the appeal.

Moreover, we have been unable to locate any pertinent cases arising out of appeals from justice courts that address this issue. In the past, an appeal bond or affidavit of inability to pay costs in lieu of bond was required in ordinary appeals from district or county courts. *See* TEX. REV. CIV. STATS. ANN. arts. 2098-2100 (1911, repealed 1941); TEX. R. APP. P. 41 (1986, repealed 1997); *see generally* 49 Tex. B.J. 556 (1986); TEX. R. CIV. P. 356 (1981, repealed 1986); *see generally* 43 Tex. B.J. 767 (1980). Other Texas courts have recognized the scarcity of cases relating to perfection of appeals from justice to county court. Those courts have held that judicial opinions construing the ordinary appeal bond statutes govern disputes in justice court relating to appeal bonds and affidavits in lieu thereof. This is because the purpose of those statutes is the same and the language is similar to the justice court rules. *See **Tisdale v. F. Hannes & Co.,*** 278 S.W. 324, 325 (Tex. Civ. App.—Austin 1925, no writ) (holding that cases interpreting statute on appeal bonds in ordinary appeals from district or county courts are controlling in justice court appeal bond cases); ***Hart v. Wilson***, 156 S.W. 520, 521 (Tex. Civ. App.—Amarillo 1913, no writ) (same).[1]

We agree with the reasoning in these cases. Based on the same reasoning, we rely on cases that construe later procedural rules (the successor rules of civil procedure to articles 2098–2100) relating to appeal bonds in ordinary appeals from district or county courts.

---

[1] Although ***Tisdale*** and ***Hart*** predate the rules of civil and appellate procedure, no other authorities cast doubt on their continued applicability or validity. *See also* 6 Tex. Jur. 3d *Appellate Review* § 886 (2008).

**Former Appeal Bond Rules in Appeals from District or County Courts**

The Texas Supreme Court has addressed whether, in an appeal from district court, the time for filing an appeal bond was extended by a delay in ruling on a contest to an affidavit of inability to pay costs. *See **King v. Payne***, 156 Tex. 105, 110, 292 S.W.2d 331, 334 (1956). When the court issued its opinion in ***King***, Texas Rule of Civil Procedure 356 governed the requirements for perfecting an appeal. *See* TEX. R. CIV. P. 354-356 (1956, repealed 1986). Like the current justice court rules, the version of rule 356 in effect at that time was silent as to whether a failed affidavit of inability to pay costs extended the time within which to file an appeal bond if the time had expired under the express language of the rule. *See **id***.

The facts in ***King*** are analogous to those presented in this case. In ***King***, the appealing party filed an affidavit in lieu of appeal bond. ***Id.***, 156 Tex. at 107, 292 S.W.2d at 332. The nonappealing party successfully challenged the affidavit. ***Id.*** The appealing party then attempted to file an appeal bond after the deadline provided in rule 356. ***Id.***, 156 Tex. at 109-10, 292 S.W.2d at 334-35. In deciding the issue, the supreme court held as follows:

> The appeal bond was filed too late to invoke appellate jurisdiction. . . . There is no provision or authority for extending the time within which to file a bond. ***Maples v. Service Mutual Ins. Co.***, Tex. Civ. App., 169 S.W.2d 500, writ dismissed. In ***De Miller v. Yzaguirre***, Tex. Civ. App., 143 S.W.2d 425, in which this court refused a writ of error unconditionally, it is clearly held that delay in acting on a contest of an affidavit in lieu of bond does not operate to extend the time for the filing of bond. *See also **Brandon v. Tartt***, Tex. Civ. App., 220 S.W.2d 672, no writ.

***Id.*** Consequently, under ***King***, an appeal bond could be filed after a failed affidavit of inability to pay costs on appeal, but only within the time expressly provided in the rule. ***Id.***

In 1981, the Texas Supreme Court amended rule 356. *See* TEX. R. CIV. P. 356(b) (1981), amended by order of June 10, 1980, eff. Jan. 1, 1981; *see generally* 43 Tex. B.J. 767 (1980). Specifically, the supreme court added that "[i]f a contest to an affidavit in lieu of bond is sustained, the time for filing the bond is extended until 10 days after the

contest is sustained…."[2]  Tex. R. Civ. P. 356(b) (1981, repealed 1986).  "Prior to the inclusion of [this] sentence in…Rule [356(b),] an appellant was doomed if the contest to his affidavit was sustained after the deadline had passed for posting an appeal bond." ***Templo Ebenezer, Inc. v. Evangelical Assemblies, Inc.***, 734 S.W.2d 770, 772 (Tex. App.—Amarillo 1987, no writ).

The Texas Supreme Court also amended rules 571 and 572 in 1981. TEX. R. CIV. P. 571, 572 (1981), amended by order of June 10, 1980, eff. Jan. 1, 1981; *see generally* 43 Tex. B.J. 767 (1980).  However, the automatic ten day extension provision was not added to rule 571 or 572.  Therefore, the pre-1981 result under ***King*** still applies to justice court appeals.

## The Result

As discussed above, the pertinent facts in the cases at hand are the same as those in ***King***: an affidavit of inability was timely filed, but the justice court did not sustain the contest until after the deadline for filing an appeal bond had expired.  Because we are constrained by the result in ***King***, we conclude that Walker's appeal bond was untimely filed and therefore his appeal was not timely perfected.

The Texas Supreme Court has adopted the policy that the decisions of the courts of appeals should turn on substance rather than procedural technicality, and that the rules of civil and appellate procedure should be construed liberally in favor of preserving the right of appeal.  *See* ***Verburgt v. Dorner***, 959 S.W.2d 615, 616-17 (Tex. 1997). However, the time for perfecting an appeal is not a mere procedural technicality.  *See* ***Ballard v. Portnoy***, 886 S.W.2d 445, 447 (Tex. App.—Houston [1st Dist.] 1994, no writ).  It is jurisdictional.  ***Williams***, 148 S.W.3d at 583.  Although we are authorized to liberally construe the rules of procedure, we do not have the authority to construe a rule

---

[2]  The 1981 amendment was prior to the adoption of the Texas Rules of Appellate Procedure.  The Texas Supreme Court adopted the Texas Rules of Appellate Procedure on September 1, 1986, thereby repealing the former appellate rules, which were found in Texas Rules of Civil Procedure 352-522.  Texas Rule of Civil Procedure 356(b) then became part of Texas Rule of Appellate Procedure 41(a)(2), which in pertinent part, is identical to rule 356(b).  TEX. R. APP. P. 41(a)(2) (1986, repealed 1997); *see generally* 49 Tex. B.J. 556 (1986) (order of the Texas Supreme Court enacting the Texas Rules of Appellate Procedure). Rule 41(a)(2) was repealed in 1997 as part of the Texas Supreme Court's overhaul of the rules. Specifically, in 1997, the court, as a general rule, dispensed with the need to file an appeal bond.  In contrast to justice court appeals, all that is necessary now to perfect an appeal from district or county courts is a timely notice of appeal.  *Compare* TEX. R. CIV. P. 571-573 *with* TEX. R. APP. P. 25.1(a); *see generally* 60 Tex. B.J. 876 (1997).

of procedure so liberally as to enlarge our jurisdiction. ***Ballard***, 886 S.W.2d at 447. Accordingly, we overrule Walker's sole issue.

## DISPOSITION

We ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)